(115 App. Div. 362)

### TELEPHONINE CO. OF AMERICA v. DOUTHITT.

(Supreme Court, Appellate Division, First Department.   November 5, 1906.)

DISMISSAL AND NONSUIT—VOLUNTARY DISCONTINUANCE—CONDITIONS.

In an action by a nonresident on an assignable chose in action, where defendant did not claim that he had a counterclaim which he would lose his right to enforce if the action was discontinued, and plaintiff moved to discontinue and tendered costs, it was error to impose as a condition to a discontinuance that plaintiffs stipulate not to assign the claim for the purpose of a suit thereon, though possibly plaintiff intended to assign the action to a resident of the state, so as to be relieved of the obligation to give security for costs.

Appeal from Special Term, New York County.

Action by the Telephonine Company of America against John F. Douthitt.   From an order granting a motion made by plaintiff for a discontinuance, but imposing a condition, plaintiff appeals.   Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

J. Harry Hull, for appellant.
Wayland E. Benjamin, for respondent.

INGRAHAM, J. This action was brought to recover $50,000 as the damages sustained by the plaintiff by a refusal of the defendant to perform a contract in relation to certain patents owned by the plaintiff. Before an answer was interposed the plaintiff applied to discontinue the action, and the costs were tendered but the defendant refused to receive the costs, on the ground that the plaintiff intended to assign the action to a resident of New York, so as to be relieved of the obligation to give security for costs. Upon the application to discontinue the action, the court required as a condition that the plaintiff "should stipulate not to assign the claim made herein for the purpose of bringing suit thereon." I think that it is quite clear that the court was without authority to impose such a condition. Plaintiff's demand was an assignable chose in action, and the right of an assignee of a chose in action to enforce it would not be affected by any such stipulation if given. The rule is general that, in an action at law, where no counterclaim has been interposed, and when no equities exist in favor of the defendant, the plaintiff has the right to discontinue the action on payment of costs. Counsel for the respondent cites In the Matter of the Application, etc., Waverly Water Works Company, 85 N. Y. 478, which was an application to discontinue a special proceeding to acquire title to lands under the right of eminent domain. It was there stated that the general rule is:

"When an action or special proceeding has been commenced, the defendant may have an interest that it may be conducted to its termination, and in such case the court can protect such interest by refusing to permit the action or proceeding to be discontinued, or it may impose such reasonable terms as a condition of discontinuance as will fully protect or indemnify the defendant."

In the Matter of Butler, 101 N. Y. 307, 4 N. E. 518, where an application was made for leave to discontinue a proceeding requiring the committee of a lunatic to account, the Court of Appeals said:

"Ordinarily, a suitor has the right to discontinue any action or proceeding commenced by him, and his reasons for so doing are no concern of the court. A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance."

And the court reversed the order, denying the motion to discontinue, and granted the motion.

To justify the court in refusing an application to discontinue an action at law it must appear that the defendant has some right or equity which requires that the action should be continued until its termination. There is nothing here to show that the defendant was entitled to have this action continued. The defendant does not claim that he has a counterclaim, which he would lose his right to enforce if the action was discontinued. If plaintiff did not wish to proceed it could suffer a nonsuit, and its right to assign the cause of action, or to commence a new action, would not at all be affected. There was nothing that appeared that would justify the court in this case in refusing to allow

a discontinuance on the usual terms, namely, upon the payment of costs; and certainly the court has no power to impose conditions impossible to enforce. With the motive of the plaintiff for wishing to discontinue the action, the court has nothing to do.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion allowing the action to be discontinued upon payment of actual costs granted. All concur.

