(53 Misc. Rep. 647)

### BLOCK v. OTTENBERG et al.

(Supreme Court, Appellate Term. April 10, 1907.)

DISMISSAL AND NONSUIT—RIGHTS OF DEFENDANTS AS TO AFFIRMATIVE RELIEF.

Where, in an action on a note, the answers set up an affirmative defense, sufficient, if alleged by way of complaint, to hold plaintiff for conversion of the note, plaintiff's motion for leave to discontinue the action was properly denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, §§ 33–35.]

Appeal from City Court of New York.

Action by Chaim Block against Hannah Ottenberg and others. From an order denying his motion for leave to discontinue the action, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Herman Gettner, for appellant.

Ezekiel Fixman and Clarence M. Lewis, for respondents.

ERLANGER, J. The order should be affirmed. Admitting that the authorities abundantly establish a plaintiff's right to discontinue an action whenever, after issue joined, he shall determine so to do,

the authorities are equally clear that the rule is subject to successful objection on the part of a defendant, where either a counterclaim has been interposed, "or when equities exist which might be defeated, or a defendant otherwise prejudiced, if the leave to discontinue was granted." Telephone Co. v. Douthitt, 115 App. Div. 362, 100 N. Y. Supp. 781. The answers set up an affirmative defense, sufficient, if alleged by way of complaint, to hold the plaintiff for conversion of the very note upon which he seeks to recover in this action. The affidavit of Mr. Elkan, the facts of which are not denied, shows that the plaintiff became possessed of the note under circumstances which make such possession wholly unlawful. The court very properly, in the circumstances, exercised its discretion in denying the leave asked for by plaintiff. In the Matter of Petition of Butler, 101 N. Y. 309, 4 N. E. 518, Judge Finch said:

"A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance."

The opposing papers satisfactorily show that substantial rights have accrued, and that injustice would be done by granting the motion. We see no reason for interfering with the order made by the court below.

Order affirmed, with costs. All concur.