FEDORA SCHINTZUIS, as Administratrix of the Estate of GASTON SCHINTZUIS, Deceased, Respondent, v. LACKAWANNA STEEL COMPANY, Appellant.

Master and servant — negligence — action for death of employee alleged to have been caused by poisonous gas permitted to escape by negligence of defendant — evidence insufficient to prove cause of action — right of plaintiff to submit to voluntary nonsuit — erroneous direction of verdict for defendant.

1. The plaintiff's intestate was in the employ of defendant and was found dead in a trench on its premises near which he had been seen in an apparently healthy condition a short time before. It is claimed by plaintiff that because of the negligence of defend-

ant ·in not adopting proper preventive means, gas of a dangerous character produced by the operation of defendant's works had been carried to the place where intestate was, rendering him unconscious and causing him to fall into the trench where he was found, breaking his ·neck. *Held*, on review of the evidence, that a verdict .for plaintiff would have been based upon speculation and conjecture rather than upon any proof found in the record.

2. At common law, at least in a case where the defendant would not be unjustly prejudiced by such disposition, a plaintiff was entitled as matter of right to submit to a voluntary nonsuit at any time before the jury rendered its verdict. While this rule has been modified by section 1182 of the Code of Civil Procedure, that section simply limits and does not abolish the right of the plaintiff to submit to such nonsuit.

3. On the trial a motion to dismiss the complaint was held at defendant's request by the court until after defendant's evidence was in. At the close of the evidence, defendant's motion to direct a verdict was granted and the court did not pass on the motion for a nonsuit. Plaintiff asked before this action was taken to be permitted to submit to a voluntary nonsuit. Exceptions were directed to be heard at the Appellate Division on a motion for a new trial under section 1000 of the Code of Civil Procedure. The Appellate Division granted a new trial. *Held*, that the complaint was properly dismissed, the only error being in the character of the proposed judgment dismissing it, and that the order of the Appellate Division should be reversed and judgment directed to be entered dismissing plaintiff's complaint with costs upon her motion for a nonsuit, instead of upon the verdict directed by the court.

*Schintzuis* v. *Lackawanna Steel Co.*, 173 App. Div. 955, reversed.

(Argued June 5, 1918; decided July 12, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 16, 1916, sustaining plaintiff's exceptions, ordered to be heard in the first instance by the Appellate Division and granting a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. W. Huntington* for appellant. There was no evidence which warranted the court in submitting the case

to the jury. (*Lamb* v. *Union Ry. Co.*, 195 N. Y. 260; *People* v. *Razezicz*, 206 N. Y. 249; *United States* v. *Ross*, 92 U. S. 281; *Ruppert* v. *City of Brooklyn*, 154 N. Y. 90; *People* v. *Kennedy*, 32 N. Y. 141; *People* v. *Harris*, 136 N. Y. 429; *Stubbs* v. *City of Rochester*, 163 App. Div. 245; *Taylor* v. *City of Yonkers*, 105 N. Y. 202; *Schraff* v. *Jackson*, 216 N. Y. 598.) The court had the right to hear the defendant's evidence, and in the light of it to direct a verdict in favor of the defendant of no cause of action, upon the merits of the defendant's evidence as well as upon the failure of the plaintiff's proof. (*Woodbridge* v. *F. Nat. Bank*, 166 N. Y. 238.)

*Hamilton Ward* for respondent. The facts should have been submitted to the jury, and the direction of a verdict for the defendant was error. (*Mallory* v. *Travelers Ins. Co.*, 47 N. Y. 52; *Travelers Ins. Co.* v. *McConkey*, 127 U. S. 661; *Hart* v. *H. R. Bridge Co.*, 80 N. Y. 622; *Fordham* v. *Gouverneur Village*, 160 N. Y. 541; *Noble* v. *N. Y. C. & H. R. R. R. Co.*, 28 App. Div. 40; 161 N. Y. 620; *Sutton* v. *Erie R. R. Co.*, 145 App. Div. 122; 205 N. Y. 615.) The court erred in refusing to pass upon the motion for a nonsuit, and particularly in refusing to grant plaintiff's motion for a voluntary nonsuit. (*Wooster* v. *Burr*, 2 Wend. 295; *People ex rel. Stafford* v. *Mayor's Court*, 1 Wend. 36; *Dillon* v. *Cockroft*, 90 N. Y. 649; *Messinger* v. *Fourth Nat. Bank*, 48 How. Pr. 542.)

Hiscock, Ch. J. This action was brought to recover damages sustained by reason of intestate's death, which was alleged to have been caused by the negligence of defendant.

The defendant operated several blast furnaces by the processes of which there was produced a large amount of carbon monoxide gas, which in its natural state was both odorless and colorless and which was fatal to a

human being when inhaled in very small quantities. The intestate was in the employ of defendant and was found dead in a trench beneath a toilet house situate on its premises, in which he had been seen in an apparently healthy condition a short time before he was discovered dead. It was and is claimed by plaintiff that because of the negligence of defendant in not adopting proper preventive means, gas of the character mentioned had been carried to the place where intestate was, rendering him unconscious and causing him to fall into the trench where he was found.

On the trial of the case defendant made a motion for a nonsuit at the close of plaintiff's case, but requested that the decision of this motion be held in abeyance until all of the evidence had been submitted. The plaintiff on the contrary urged that the motion should be decided forthwith. The court complied with the request of the defendant and received its evidence without passing on the motion. At the close of all of the evidence the defendant made a motion that a verdict be directed in its favor, and without deciding the motion which had been made for a nonsuit the trial judge ultimately granted defendant's latter motion. Before this action was taken, however, counsel for the plaintiff requested that he be permitted to reopen his case and produce more evidence, that he be permitted to withdraw a juror, and also that he be permitted to submit to a voluntary nonsuit. While this last request was not made as clearly or as singly as it might have been, but was somewhat combined with the other requests referred to, still we think that we are entitled to hold from all of the proceedings taking place at the close of the evidence that the trial court understood that this motion for a voluntary nonsuit had been made and denied it on the theory that it was belated because the case had already been submitted to him upon the other motions which

were made, and that plaintiff took an exception to the decision thus made as well as to the direction of a verdict.

Plaintiff's exceptions were ordered to be heard in the first instance at the Appellate Division and entry of judgment was in the meantime suspended. The Appellate Division thought that there was evidence which required the plaintiff's case to be submitted to the jury. That court, however, although reversing the action of the lower court did not write any opinion and, therefore, we have not the advantage of its views pointing out where it thought the evidence was found which entitled the plaintiff to go to the jury. While the case may be a close one in this respect, we have been unable to find any evidence which we believe would have permitted the jury to find that intestate's death was caused by an inhalation of the gas in question resulting from any negligence of the defendant. We think that a verdict to that effect would have been based upon speculation and conjecture rather than upon any proof which is found in the record. Therefore, in this respect and upon the merits we adopt the view of the trial court rather than that of the Appellate Division.

We think, however, that the trial court committed an error which entitles the plaintiff to relief from the direction of a verdict dismissing her complaint and from the judgment which would otherwise be entered thereon. She is of course entitled to urge upon this appeal any exception which sustains in whole or in part the action of the Appellate Division in reversing the action of the trial court. As we have already pointed out, the plaintiff's counsel at the close of all of the evidence, probably becoming distrustful of the sufficiency of his evidence and anticipating that a verdict might be directed against him, asked that a nonsuit be directed against him and excepted to the refusal of the trial court thus to proceed. If that is of any consequence this motion

was made by plaintiff before the trial court had decided the defendant's motion for the direction of a verdict. In our opinion the plaintiff was entitled as matter of right to have her motion for a nonsuit granted. There seems to be no question but that at common law, at least in a case where the defendant would not be unjustly prejudiced by such disposition, a plaintiff was entitled as matter of right to submit to a voluntary nonsuit at any time before the jury rendered its verdict. (Graham's Practice [2d ed.], p. 310; Abbott's Civil Jury Trials [2d ed.], 360, etc., and cases cited; 2 Thompson on Trials, secs. 2230, etc.; *People ex rel. Stafford* v. *Mayor's Court of Albany*, 1 Wend. 36; *Wooster* v. *Burr*, 2 Wend. 295; *Derrick* v. *Taylor*, 171 Mass. 444; *Lumiansky* v. *Tessier*, 213 Mass. 182, 190; *Huffstutler* v. *Louisville Packing Co.*, 154 Ala. 291.)

This rule of the common law has been modified by statute in various jurisdictions. In our own state it is enacted by section 1182 of the Code of Civil Procedure that " It is not necessary, in an action in a court of record, to call the plaintiff, when the jurors are about to deliver their verdict; and the plaintiff, in such an action, cannot submit to a nonsuit, after the cause has been committed to the jury, to consider the verdict." This simply enacts in statutory form what was, prior to the statute, rule 31 of the Supreme Court Rules of 1858, and as we interpret the provision it simply limits but does not abolish the right of the plaintiff to submit to a voluntary nonsuit. Of course the advantages to plaintiff of a judgment of nonsuit over one entered upon a verdict dismissing the complaint are so obvious that it is unnecessary to debate the proposition that plaintiff was injured by the denial of this right.

The question remains of the manner in which relief shall be given to her from the error which overtook her at the Trial Term. Instead of permitting judgment to

be entered dismissing the complaint and upon appeal from which the court would have had undoubted power to correct the error which has been referred to, she elected to procure an order suspending entry of judgment and directing her exceptions to be heard in the first instance at the Appellate Division upon a motion for a new trial under section 1000 of the Code of Civil Procedure. Therefore, strictly, the only question presented was and is whether the Appellate Division should have granted a new trial. Under the construction which we have placed upon the evidence that court was not entitled to grant a new trial because plaintiff had not established a right to go to the jury and properly her complaint was dismissed, the only error being in the character of the proposed judgment dismissing it. We think, however, that even under this form of review the appellate courts have the incidental power under the broad provisions of the Code (Sections 1317 and 1337), although denying plaintiff's motion for a new trial, to modify the form of judgment to be entered at the Trial Term so as to preserve the rights which she there possessed and established.

Therefore, the order of the Appellate Division should be reversed and judgment is directed to be entered dismissing plaintiff's complaint with costs upon her motion for a nonsuit, instead of upon the verdict directed by the court, without costs to either party on this appeal.

COLLIN, CUDDEBACK, CARDOZO and McLAUGHLIN, JJ., concur; CHASE and HOGAN, JJ., concur in result.

Judgment reversed, etc.