FRANK WILLETTS, Respondent, v. JOHN SCOTT BROWNING and Others, Appellants, Impleaded with WHEELER REALTY CORPORATION, Defendant.

First Department, November 18, 1921.

**Trial — discontinuance — action to foreclose mechanic's lien — discontinuance discretionary with court where counterclaim is interposed and affirmative relief is asked by defendant — leave to discontinue denied where plaintiff shows no reason therefor and effect would be delay.**

Where a counterclaim is interposed and affirmative relief asked in an answer, it is discretionary with the court whether or not the plaintiff shall be permitted to discontinue an action.

Accordingly, a motion by the plaintiff to discontinue an action to foreclose a mechanic's lien should not be granted after the case is on the Special Term calendar for trial, where he gives no reason whatever for the discontinuance and it appears that one of the defendants has interposed a counterclaim and that the effect of granting the motion will be to remit the defendants to their rights under section 59 of the Lien Law and to compel them to give notice thereunder requiring that an action to enforce the lien be commenced, thereby causing further delay.

APPEAL by the defendants, John Scott Browning and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of July, 1921, granting plaintiff's motion to discontinue the action upon payment of costs.

*Clarence E. Thornall*, for the appellants John Scott Browning and others.

*Charles A. Buckley*, for the appellant Elizabeth Kilgannon.

*Leventritt, Cook, Nathan & Lehman* [*Herman J. Westwood* of counsel], for the appellants Madame Franceau, Inc., and others.

*Pressinger, Newcombe, Cunningham & Wigg* [*James J. Conroy* of counsel; *Brent W. Blythe* with him on the brief], for the respondent.

DOWLING, J.:

While as a general proposition it is quite true that a plaintiff should be given leave to discontinue an action brought by him on payment of taxable costs and disbursements to the time of making the application, still that rule is subject to certain limitations, one of which is that such discontinuance should not be permitted where special circumstances exist which render the granting of the relief unjust or inequitable. In the present case no reason whatever is given why the plaintiff desires to discontinue this action, which is one brought to foreclose a mechanic's lien for $10,582.49. It appears that one of the defendants has interposed a counterclaim for $17,000 for damages arising out of the plaintiff's failure to prosecute the work of alterations of the building in question with reasonable dispatch and his delay in completing the alterations beyond October 1, 1920, and beyond January 15, 1921, and his final abandonment of the work upon the building in question in February, 1921, without just cause or reason. Said counterclaim also sets forth extravagance and waste in the doing of the work and the loss of rentals by reason of plaintiff's acts. As a general rule, where a counterclaim is interposed and affirmative relief asked in answer, it is discretionary with the court whether or not the plaintiffs shall be permitted to discontinue. (*Matter of Lasak,* 131 N. Y. 624.)

It furthermore appears that plaintiff filed a mechanic's lien against the property in question, upon which he claims to have had a contractual relationship with the subtenant.

The notice of lien was filed February 28, 1921. Under section 59 of the Lien Law a notice may be given requiring the lienor to commence an action to enforce his lien within a time specified in the notice, not less than thirty days from the time of service, or to show cause at a Special Term of a court of record, at a time and place specified by the notice, why the lien should not be vacated and canceled of record. The plaintiff commenced this action March 25, 1921, the defendants answered, the case was noticed for trial and it is now upon the Special Term calendar. The defendants are anxious to have the issues quickly disposed of, and the owners of the property are particularly desirous of having the action

tried that the lien may be canceled if the plaintiff fails to establish his cause of action. The effect of granting a discontinuance at this time would be to remit the defendants to their rights under section 59 of the Lien Law and to compel them to give notice requiring that the action be commenced, with a delay of at least thirty days more, and a consequent postponement of the time of trial to a still further date. The plaintiff having commenced this action to enforce a lien which has been on file since February, 1921, and answers having been interposed, one of which sets up a counterclaim arising out of plaintiff's operations upon the premises in question, he should be compelled to proceed to trial with the present action, having shown absolutely no reason why the same should be discontinued.

The order appealed from will, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.