CORA McGRAW, Respondent, *v.* BANK OF RICHMONDVILLE and Others, as Executors, etc., of WILLIAM E. LEWIS, Deceased, Appellants.

Fourth Department, May 17, 1933.

*Miller & Hubbell* [*James F. Hubbell* of counsel], for the appellants.

*Walter C. Rabenstein,* for the respondent.

CROSBY, J. Plaintiff's complaint alleges that in the year 1895 decedent made a contract with her by the terms of which he agreed to support her during her lifetime and, at his death, would leave for

her a deed of the house in which she lived with decedent, together with sufficient money and securities to provide her support as long as she should live. The complaint alleges that the consideration that plaintiff was to furnish to such contract was to " lend her companionship " to decedent at all times as he desired, and that she kept her part of the bargain as long as decedent lived. Plaintiff further alleges that, though decedent left her the deed of the house, as agreed, he left her no other property, and she alleges that " plaintiff has no adequate remedy at law " and demands " that a lien be impressed upon the estate and property of [decedent], adequately and sufficiently to maintain her in a manner befitting her station in life and in lieu thereof, that she be granted judgment for a sufficient sum in at least the sum of $45,225," etc.

That this is intended to be an equity action is sufficiently clear from the complaint itself, and since the question is not before us we are not called upon to decide, at this time, whether or not the relief can be had, in equity, which the complaint demands. Plaintiff's counsel understood that only equitable relief was demanded in the complaint for no damages are alleged and he placed the case upon the equity calendar. Even had plaintiff been entitled to a jury trial the right would have been waived by noticing the case for trial in equity. (Civ. Prac. Act, § 426, subd. 4; *Mackellar* v. *Rogers*, 109 N. Y. 468.)

The answer, in addition to a general denial and an allegation that the alleged contract was immoral, against public policy and void, sets up a general release alleged to have been executed and delivered by plaintiff at the time the executors delivered to plaintiff the deed of the house. And the reply alleges that the general release was procured from plaintiff by means of fraud practiced upon her, and asks the court to adjudge that the release " be delivered up and canceled," etc. This relief, too, is one which plaintiff demands of equity. Every issue in this case is triable in equity. Upon not a single issue in the case could either party demand a jury trial as a matter of right.

Rule 157 of the Rules of Civil Practice provides as follows: " If a party desire to have an issue of fact framed for trial by jury, not as a matter of right but in the discretion of the court, the party shall give notice of a motion therefor within twenty days after issue joined. If such motion be not made within such time, the right to apply for a trial by jury is waived." (See *Murray* v. *Rubel Coal & Ice Corp.*, 234 App. Div. 895.) (See, also, *Arnot* v. *Nevins*, 44 id. 61, which arose under a provision of the Code of Civil Procedure that was similar to rule 157 of the Rules of Civil Practice.)

All the issues in this case being of equitable cognizance, and the

plaintiff having made no motion under rule 157, within twenty days after the joining of issue, even the discretion of the court could not be invoked by plaintiff to grant a jury trial.

We are informed by the briefs that on November 14, 1932, defendants made a motion for a separate and prior trial of the issues raised in regard to the release. That motion was granted. It was following that order that the order was made from which this appeal is taken, namely, an order granting a jury trial of the issues arising in regard to the release.

Since all the issues arising in this case are triable by the Special Term, it is difficult to discover any good reason for the granting of separate trials, but the order granting a separate trial on the release issues was made and no appeal from that order is before us. It may be that it was thought that the main issues arising under the complaint and answer were legal, and that the issues, as to the release, arising under the answer and reply, were equitable. And in the opinion below, in the matter before us, it is stated: " This is an action at common law for breach of contract notwithstanding the fact that plaintiff alleges she has no adequate remedy at law and prays for equitable relief." We do not agree with this statement. The opinion then goes on to say: " If this were an equity action, the court should exercise its discretion and send the question to a jury."

There can be no question that the court below could, in its discretion, and on its own motion, make the order appealed from. (Civ. Prac. Act, § 430; *Randall* v. *Randall*, 114 N. Y. 499.) And we would not be disposed to hold it an abuse of discretion. But we are disposed to believe that the court did not exercise its discretion to seek an advisory verdict from a jury in pursuance of section 430, but proceeded upon the theory, suggested by the opinion, that a cause of action at law was alleged in the complaint, and that an issue at equity was raised by the answer and reply, and that separate trials had been, for that reason, granted. In the exercise of discretion we think a jury trial should not be granted and that all the issues in the case should be tried by the Special Term, where the issues can be tried in any order suiting the pleasure and convenience of the court.

The order herein should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.