HIRAM A. GROSNER, Plaintiff, *v.* MAX ABRAMSON and Others, Defendants.

Supreme Court, Special Term, New York County, October 19, 1936.

*Pfeiffer & Crames*, for the plaintiff.

*I. Maurice Wormser* and *John E. Leddy*, for the defendants.

SHIENTAG, J. The plaintiff moves to discontinue the action which is now on the non-jury calendar. The motion is opposed upon the ground that to grant the relief sought would subject the defendants to further expense and deprive them of manifest advantages which have accrued to them in the conduct of the present litigation. The defendants further contend that, if the court does permit the discontinuance, it should be upon the following conditions:

(1) The payment of a full statutory bill of costs;

(2) That the examination before trial and the bill of particulars in the pending action shall apply with the same force and effect as though had in the new action;

(3) That the new action shall be tried without a jury, and

(4) That a sum of not less than $500 for additional costs be imposed to compensate the defendants for the expense incurred in preparation for trial and the argument of an appeal taken in the pending action. The plaintiff consents to the imposition of the first two conditions, but objects to the others.

The action was by a real estate broker who claimed to be entitled to part of the commissions earned in connection with the sale of real property. It was framed in equity and regularly noticed by the plaintiff for trial at Special Term. An application was thereafter made by plaintiff for an order striking the case from the Special Term calendar and placing it upon the common-law jury calendar on the ground that under the complaint he had an adequate remedy at law.

At common law a partial assignee of a claim was required to sue in equity rather than at law for the reason that in equity all parties in interest could be brought in and their rights determined. At law this could not be done, and, therefore, under the rule against splitting of causes of action, an action at law by a partial assignee would not lie.

Under the Code of Civil Procedure and likewise under our present Civil Practice Act, a partial assignee may sue at law, and in such legal action can bring in all proper and necessary parties to the end that the rights of all may be adjudicated, thus avoiding the splitting of any causes of action. (Civ. Prac. Act, § 194.) Today, under our present system of practice, an action by a partial assignee seeking a money judgment only, such as in the instant case, is properly a legal rather than an equitable cause of action.

The motion was granted to the extent only that the clerk was directed to place the case upon the non-jury calendar. It was held that since the plaintiff himself noticed the case for trial on the equity calendar, he waived his right to a jury trial. (*McGraw* v. *Bank of Richmondville*, 238 App. Div. 437.) From this order the plaintiff appealed to the Appellate Division, which, without opinion, affirmed the decision below.

There is no question but that by a discontinuance the plaintiff seeks to be relieved of the effect of this ruling and intends to institute another action for the same relief and make a timely demand for a trial by jury therein.

In *Matter of Butler* (101 N. Y. 307, 309) the Court of Appeals said: " Ordinarily, a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court. A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and an injustice will

be done to them by permitting the discontinuance." When the court referred to " other parties " it is clear that the expression was not limited to third parties, but included other parties to the action.

The rule as to discontinuance has been fully and clearly stated by the Appellate Division of the Fourth Department as follows: " Under the general rule a plaintiff may discontinue an action or submit to a voluntary nonsuit at any time before its issues have been committed to the court or a jury. (*Schintzuis* v. *Lackawanna Steel Co.*, 224 N. Y. 226. Cf. Civ. Prac. Act, § 457; Carmody's New York Practice, vol. 2, p. 1463 *et seq.*) This rule, however, is not absolute. It is subject to various exceptions — as in a case where the defendant in good faith has acted affirmatively by interposing a valid counterclaim or asserted a claim to the property involved and in his answer demands affirmative relief in reference to it. If, under these conditions, he resists the discontinuance of the action the discretion of the court may be successfully invoked. (*Willetts* v. *Browning*, 198 App. Div. 551.) Likewise if substantial rights of third parties have accrued which would be prejudiced by the termination of the action, a discontinuance would be denied. (*Frear* v. *Lewis*, 201 App. Div. 660.) The courts have also denied discontinuance where, because of a time limitation in a contract, the defendant would be unable to defend a second action if the first action was terminated. (*Grana* v. *Metropolitan Life Ins. Co.*, 237 App. Div. 54.) A further exception to the rule has found expression in matrimonial actions where public interest has been held to be concerned. In such cases the courts have denied the discontinuance of an action where the marriage itself or the legitimacy of children is involved. (*Winans* v. *Winans*, 124 N. Y. 140; *Winston* v. *Winston*, 21 App. Div. 371; *Erlanger* v. *Erlanger*, 173 id. 767.) " (*Piedmont Hotel Co.* v. *Nettleton Co.*, 241 App. Div. 562, 563.)

In this case the defendants have asserted no counterclaim. Notwithstanding the expense to which they have been subjected and despite the fact that they would be deprived of what they consider to be an advantage, namely, the right to trial without a jury, the general rule as to the right to discontinue applies. The court is without power to impose as a condition that no other suit be brought for the same relief or that the case be tried without a jury. Ordinarily the only condition imposed would be the payment of taxable costs and disbursements to date. If, for example, after the court at Special Term decided that the plaintiff had waived his right to trial by jury, he had acquiesced in that ruling and had sought to discontinue, he would have been entitled to that relief

upon the payment of statutory costs. But he went further. He subjected the defendants to the expense of an appeal, and by the discontinuance seeks to be relieved of the effect of the decision of the appellate court. That being so, it not only is reasonable to require him to contribute toward the expense of arguing the appeal, but it would be unjust to do otherwise. The terms to be imposed on a discontinuance are within the discretion of the court, and that discretion within reasonable limits is of necessity flexible. The court is not restrained by any rigid rule. Under the exceptional circumstances of this case the right to additional costs is established.

The motion to discontinue is granted upon payment of statutory costs and disbursements to date and upon the further condition that if another action for substantially the same relief is brought the plaintiff pay to the defendants the additional sum of $150 as a contribution toward the expense incurred in connection with the appeal taken in the pending action, and that the examination before trial already held and the bill of particulars heretofore served shall apply with the same force and effect as though had in the new action. Settle order.