BENJAMIN LAXER, Plaintiff, v. BERGEN & ZAAGER, INC., and Others, Defendants.*

Supreme Court, Special Term, New York County, February 20, 1942.

*Falk & Orleans* [*Ilo Orleans* of counsel], for the plaintiff.

*Herman Hoffman*, for the defendants.

EDER, J.   This action was brought for an accounting on alleged profits in the business of the defendants which the plaintiff claims are due him to the extent of fifty per cent by virtue of an alleged specific joint venture agreement.

The defendants served an answer to the complaint denying the material allegations of the complaint, and set up as a separate defense that the relationship existing between the plaintiff and the defendants was merely and solely that of employee and employer, respectively, and that the plaintiff had an adequate remedy at law.

Plaintiff now moves to discontinue this action, to be thus enabled to bring an action at law upon the relationship of employee and employer — which it is to be observed is precisely what the defendants in their answer alleged plaintiff should have done and asserted to be his proper remedy.

Now, in opposition to this motion the defendants maintain that it should be denied because they are and will be greatly prejudiced if plaintiff is permitted to succeed on this motion, in that " In an action at law for a money judgment he [plaintiff] would be in a position to examine the defendants before trial at great length, whereas in an action for an accounting his examination of the defendants must necessarily be limited solely to the nature of the agreement entered into between the parties.   In an accounting action he cannot without limitation delve into the defendants' business and alleged profits."

It is also alleged that defendants up to the present time have paid their attorney $750 for his services herein, and that in addition it would necessitate duplication of everything that has gone before in the preparation of the defense to this action; in consequence of all this it is requested that this motion be denied.

It is the general rule that a plaintiff may discontinue his action at any time before its issues have been committed to the court or a jury.   (*Schintzuis* v. *Lackawanna Steel Co.*, 224 N. Y. 226; *Piedmont Hotel Co.* v. *Nettleton Co.*, 241 App. Div. 562, 563.)   This

rule is subject to certain exceptions, " as in a case where the defendant in good faith has acted affirmatively by interposing a valid counterclaim or asserted a claim to the property involved and in his answer demands affirmative relief in reference to it. If, under these conditions, he resists the discontinuance of the action the discretion of the court may be successfully invoked." (*Piedmont Hotel Co.* v. *Nettleton Co., supra.*) In this case the defendants have not interposed any counterclaim, nor does the answer demand any affirmative relief.

That by the discontinuance of this suit in equity and the institution of an action at law, the defendants will lose the advantage of a very limited examination before trial in this suit and be subjected to one of much broader scope in an action at law, is no ground of opposition; nor is it a ground of opposition that they have already been subjected to large expense and trouble in defending this suit which will have to be duplicated. (See *Grosner* v. *Abramson*, 162 Misc. 731.) Notwithstanding all this, in the absence of a showing that the defendants have been prejudiced or will be, by the discontinuance, in one of the instances recognized in law, I do not see that this court has any power to impose more than the ordinary condition of the payment of taxable costs and disbursements to date. Granted upon such condition. Settle order.