J. Irwin Shapiro, J.
The plaintiff moves for an order directing that the issues raised by the pleadings herein be tried by a jury upon certain proposed issues of fact.
The complaint sets forth three causes of action, the first two to recover damages in the sum of $11,265 and the third to impress a trust for that sum upon the real property described in the complaint.
The first cause of action alleges that the plaintiff is the stepmother of the defendant Albertina Wolf; that some time in May, 1955 the defendants requested her to loan them sufficient moneys with which to purchase a house; that in consideration thereof they “ promised that upon the purchase of said house they will make available to the plaintiff herein an apartment therein and that the premises aforementioned would be equally owned by the plaintiff herein that defendants further promised that the plaintiff “ would live therein as long as the plaintiff desired ” and that in the event she removed therefrom “ either voluntarily or by the direction or conduct of the defendants, they, the defendants, would repay the aforesaid loan to the *764 plaintiff herein.” Plaintiff further alleges that in reliance on the foregoing “ statements and representations ” she loaned the defendants the sum of $11,100 during the period between May 9, 1955, and January 28, 1957, on which latter date the defendants purchased the property described in the complaint; that upon i such purchase plaintiff was permitted to and did move into the premises and, as a condition for so doing, was compelled by the defendants to paint the apartment therein at a cost of .$165; that during the period plaintiff resided in said house with the defendants they “ abused, harassed the plaintiff herein, making her stay and occupancy intolerable ’ ’; that as a result plaintiff was caused to and did remove therefrom and was damaged to the extent of $11,265 when the repayment of that sum was refused on demand.
The second cause of action incorporates, by reference, 14 of the 15 paragraphs of the first and further alleges that the cause for the plaintiff’s removing from the premises “ was part of a scheme and devise [sic] designed by the defendants herein to defraud the plaintiff herein, out of the moneys the plaintiff loaned to the defendants herein, and to deprive plaintiff of her interest in said premises ”; that the defendants knew or should have known that the plaintiff relied on the relationship of the parties hereto and that the moneys loaned “ was solely for the purpose of assuring plaintiff that she would have a home for the rest of her natural life, and be part owner thereof. ’ ’
In the third cause of action, in which all the allegations of the preceding two causes are incorporated by reference, plaintiff alleges that in reliance on the defendants’ statements referred to in the first cause of action she believed that she was part owner of the premises, but discovered upon moving therefrom that they were solely in the names of the defendants herein, and that thereby she was and still is deprived of title to and income from said premises; that as a result she is entitled to a decree “ directing that the defendants herein received the property aforesaid and holds said property in trust to pay unto the plaintiff or on her behalf the sums of $11,265.00.”
We thus have a complaint in which two counts are at law for the recovery of a sum of money only and the third in equity to impress a trust for that sum upon the real property involved.
It has been held that where a plaintiff seeks legal and equitable relief in respect of the same wrong, his right to a trial by jury is lost. (Di Menna v. Cooper & Evans Co., 220 N. Y. 391, 395-396; Vincent v. Cooperman, 283 App. Div. 812; Feldman v. Sturm, 278 App. Div. 21; Auerbach v. Chase Nat. Bank, 251 App. Div. 543.) Thus the plaintiff has waived her right to a *765 jury trial if the third cause of action is an ordinary cause of equitable cognizance. While plaintiff’s counsel seeks a jury trial “ as provided by statute,” — and therefore as matter of right — he has failed to cite any statute which gives his client that right, and the court has been unable to find any unless the third cause of action be construed as one ‘ ‘ for determination of a claim to real property under article fifteen of the real property law.” (Civ. Prac. Act, § 425, subd. 2; see 1943 Report of N. Y. Law Rev. Comm., pp. 233-255, 628-636; Nassau County v. Hardie, 48 N. Y. S. 2d 788, 790, revd. on other grounds 268 App. Div. 1068.)
The court cannot give the third cause of action such a construction. A fair reading of the complaint indicates that plaintiff’s purpose in bringing suit is to recover the money which she says she advanced to the defendants and not to establish an estate or interest in real property per se. Her third cause of action seeks merely an adjudication “ that the defendants received and held and still holds the property conveyed to them as aforesaid in trust to pay to plaintff or on her behalf the sum or sums so advanced by plaintiff.” In other words plaintiff seeks a lien on the property to secure the repayment of the moneys that may be found due her. This does not entitle her to a jury trial as matter of right.
Nor is plaintiff entitled to a jury trial in the discretion of the court. Issue in this case was joined six months prior to the making of this motion and, therefore, her right to apply for a jury trial as a matter of discretion has been waived under the provisions of rule 157 of the Rules of Civil Practice. (McGraw v. Bank of Richmondville, 238 App. Div. 437.) In any event this court can see no valid reason why the issues in this action cannot be determined by a trial justice as well as by a jury.
The motion is, accordingly, denied. Submit order.