■ RUDOLPH DE LAURENTIS et al., Appellants, v. ALLEN R. BERCOWITZ et al., Respondents.—REYNOLDS, J. Appeal from an order of the Supreme Court, Columbia County, denying appellants' motion to discontinue their action (CPLR 3217). Upon the showing made in this case, appellants' motion for discontinuance should not have been denied in the absence of special circumstances more compelling than those here present (*Schultz* v. *Kobus,* 15 A D 2d 382; see *Piedmont Hotel Co.* v. *Nettleton Co.,* 241 App. Div. 562, 563–564; cf. *Conklin* v. *Wilbur,* 26 A D 2d 666), and the motion should

be granted on such terms as in the exercise of discretion be deemed appropriate, including not only statutory costs and disbursements but also any expenses incurred by the defendant in preparation for trial including legal fees. Consideration should be given to additional expenses with respect to expert witnesses which might be incurred as the result of the change of place of trial (see *Grosner* v. *Abramson*, 162 Misc. 731; *William* v. *Artcraft Optical Co.*, 176 Misc. 317). We do not condone appellants' tactical maneuvers nor overlook their effect upon the conduct of a busy trial term. Order reversed, on the law and the facts, without costs, and matter remitted to an appropriate Special Term, Mr. Justice PENNOCK presiding, for determination of the terms and conditions, if any, upon which the granting of discontinuance should be predicated. Settle order. Gibson, P. J., Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum decision by Reynolds, J. Herlihy, J., dissents and votes to affirm in the following memorandum. Herlihy, J. (dissenting). It is my opinion that Special Term very properly exercised its discretion. The facts are essentially uncontroverted. In this action, as the result of an automobile accident, issue was joined on September 16, 1965 and was reached for trial at the June 1966 Term, but was put over and thereafter in August there was a substitution of attorneys on behalf of the plaintiffs. The action was ready for trial at the November 1966 Term of court and was held with the consent of defendants' counsel until November 10, 1966. It then appears that in November, 1966 the plaintiffs commenced a similar action for the same relief in the Federal District Court and on November 9, while the action was pending trial, the plaintiffs moved to discontinue on the sole ground that an action had been started in the Federal court. *Piedmont Hotel Co.* v. *Nettleton Co.* (241 App. Div. 562 [1934]) sets forth general rules applicable to discontinuance of pending actions, including various exceptions, but that was before the days of extensive court litigation resulting in congestion and delay in the disposition of cases, particularly actions involving negligence. Here the plaintiffs, through their former as well as present attorneys, participated in the calendar markings and while the case was being held by direction of the court for a specified date, the plaintiffs through their attorney, for no apparent reason, instituted an identical action in the Federal court and then moved to discontinue. The decision of Special Term accomplished two things. First, it was going to dispose of the present action in the State court without further delay and second, it was going to prevent unnecessary congestion in the Federal court. In *Conklin* v. *Wilbur* (26 A D 2d 666, 667) the court stated with reference to a motion to discontinue an action: "An efficient court system should not tolerate the casual prosecution of actions and, hence, we shall not encourage the use of the discontinuance device as an adjunct of delay. (*Schultz* v. *Kobus*, 15 A D 2d 382)." I would affirm the order.