Shanlby N. Egeth, J.
Plaintiff moves for an order granting it leave to discontinue its pending plenary action for rent against 21 of the 38 designated tenant-defendants in this action. The tenants object.
The moving papers disclose the following history and background:
The tenant defendants for their mutual protection formed a committee and hired counsel. They have withheld their rents from the landlord, while paying equivalent moneys to their *1067 tenants’ committee, pending resolution of their disputes and litigation ¡with plaintiff.
Pursuant to a stipulation resolving one pending case, the tenants’ committee agreed to release to attorney trustees, all rent moneys previously paid into court, together with all other moneys representing rent then held by them. The attorney trustees were authorized and directed therein to make some payments from the fund, including a $20,000 payment to the plaintiff-landlord, and they so did.
Upon receiving the $20,000 it clearly appears that the landlord unilaterally allocated this money among only 21 of 38 of the defendant tenants without regard to the intent or instructions of the paying tenants or their representatives. In so doing, plaintiff arbitrarily deemed its rent claims against the 21 tenants to be paid, and also added $100 as unspecified charges in excess of the outstanding claimed rent bill of each of the 21 tenants. This was cavalierly done without the consent of the tenants or concession by anyone that the $100 charges were in any way due to plaintiff.
The tenants herein protest against plaintiff’s misapplication of their funds in flagrant disregard of their intent or instructions. They point out that by virtue thereof, some tenants have been thereby credited for payment of rent not yet paid into the committee, while other tenants who have paid in all moneys due, are not so credited. The tenants contend that they alone have the sole right to determine the allocation of their transmitted funds, which were actually collected from 58 tenants (a number of whom are not even party defendants herein). In support of the tenants’ assertion, it should be noted that the stipulation, attached to the plaintiff’s motion papers, pursuant to which the funds in question were transmitted to the landlord, contains express language requiring plaintiff to account for the funds ‘ ‘ based upon the accounting sheets submitted by the tenants’ representative.”
The court has also been supplied with a copy of a letter sent by the landlord to the tenants whose causes of action the landlord plaintiff seeks to discontinue. This improper, presumptuous act of impertinence informs the addressee tenants that their landlord wishes to drop proceedings against them because their account is current (not true, but accomplished by landlord’s misapplication of other people’s funds) and that the tenants’ attorney refuses to consent. The letter states that formal application has been made by the landlord to discontinue such proceedings, but their own attorney opposes it. It solicits *1068 a written response evidencing tenant consent to the instant application for discontinuance.
This letter makes wholly transparent the actual intention of plaintiff which underlies this motion. It is obvious that the plaintiff is engaged in a reprehensible scheme to sow discord and dissension amongst its tenants. By conduct constituting defalcation of funds, and the transmittal of a grossly improper and untrue letter to the defendants (which might constitute an offense justifying disciplinary action if sent or authorized by its attorney) the plaintiff is attempting to pit the tenants against one another, and thereby attempt to disintegrate and terminate their joint action.
It appears quite obvious that these tenants have banded together for mutual protection, formed a representative committee and retained counsel. This method employed by tenants in dealing with their problems, has become an increasingly common phenomenon. It provides psychological as well as practical protection and assurance to the tenants, and better enables them to jointly address their problems on an overall basis in a posture not latent with the prejudicial imbalance inherent in isolated dealings with the landlord. This is a legal and proper technique when properly employed, and some landlords have profited from the convenience of such representation when responsibly asserted. Landlords who resent unified group action by their tenants have no right to embark upon a program of subversion and sabotage to destroy the cohesion and unity of the tenants’ group. They should be discouraged from utilizing the deceit and chicanery inherent in the unconscionable conduct demonstrated in this case.
Plaintiff’s motion appears to ibe an integral part of1 this sordid scheme, and for this reason the tenants oppose the motion for leave to discontinue against 21 of their number.
This court is not bound by plaintiff’s efforts to obscure two separate issues by linking them together. The question of the misalloeation or misappropriation of tenants ’ money is separate and distinct from the right of this plaintiff to discontinue the action against some of the tenants.
This court determines that plaintiff’s misalloeation of the moneys transmitted by the tenants is a nullity, and that plaintiff’s conduct in so doing contrary to the tenants’ directions and the terms of the stipulation, constitutes a defalcation of such funds, and approaches criminality. Under all of the circumstances, this court determines here and now that the tenants’ money thus far transmitted, is to. be applied by the plaintiff *1069 only in accordance with the directions of the transmitting tenants as expressed by their representative or counsel. To avoid any further question or confusion, the tenants’ attorney is hereby directed to transmit by certified mail to plaintiff’s attorney within 15 days from the date ‘hereof, a written schedule allocating the tenants’ moneys. Such schedule shall be determinative of the use and allocation of such funds, and he binding upon the plaintiff. This shall be done with each future transmittal of funds.
The question of the defendants’ claims- concerning the prejudicial misapplication of their funds having been resolved and redressed, it no longer has cogency as a basis for objection to the, relief sought by plaintiff landlord.
Plaintiff claims the absolute right -to be granted leave to discontinue his action against the 21 defendants who are the subject of his motion. It is argued, with merit, that in the absence -of a showing of prejudice or resulting injustice, opposition to an application for leave to discontinue is not sustainable. In support of -this position, plaintiff cites the decision of the Court of Appeals in Gentilala v. Fay Taxicabs (243 N. Y. 397), and quotes the following language therefrom (p. 399): “ A party has a right to discontinue an action at any time upon payment of costs where the rights or interests of the adverse party are not affected * * * Other than a question of costs the defendant could not oppose the discontinuance. ’•’
Ordinarily, a suitor has a right to discontinue any action or proceeding commenced by him, and- his reasons for so doing are of no c'oneern to the court. A party should no more be compelled to continue a litigation than to commence one, except when substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance. Absent prejudice plaintiff’s right to discontinue is authorized by CPLR 3217 (subd. [a]); Winans v. Winans (124 N. Y. 140) ; Matter of Butler (101 N. Y. 307), and Piedmont Hotel Co. v. Nettleton Co, (241 App. Div. 562). (All cited by plaintiff.)
There being no present possibility of prejudice or injustice being suffered by the defendants upon the granting of plaintiff’s motion, no impediment exists to bar plaintiff from exercising its desire to terminate these 21 causes of action.
Accordingly, plaintiff’s motion is granted, and the causes of action against the designated 21 tenant defendants are hereby severed from the action, stricken and discontinued, with costs payable to each such defendant by plaintiff.