Edward S. Conway, J.
This is a motion by the plaintiff for an order pursuant to CPLIt 3217 permitting the plaintiff in each of the above-entitled actions to discontinue the actions in the Supreme Court of Columbia County without prejudice upon such terms and conditions as to the court may ,seem ¡just and proper.
Both actions are negligence actions against the defendants seeking damages for the death of Lisa Jayne Schimansky and John M. Schimansky arising out of an automobile accident on the 13th day of June, 1973 in the Town of Canaan, Columbia County, New York.
The actions were reached for trial at the November, 1974 Trial Term of Supreme Court in the County of Columbia but *889 could not proceed to trial due to the prior commitment in another county .of one of the attorneys for one of the defendants and had to be marked over to the May, 1975 Term of this court over the objection of the plaintiff.
Plaintiff’s intestate in each of the actions, at the time of death, was a resident and citizen of the State of Rhode Island; the defendant Moduline Industries, the owner of one of the vehicles involved in the accident, was a domestic corporation in the State of New Hampshire; defendant Nora L. Nelson was a citizen and resident of the State of New Hampshire; and defendant Joseph Norman Meliioen was a resident of the State of New Hampshire.
The actions were instituted in the Supreme Court of Columbia County upon the .ground that the cause of action arose within the County of Columbia and State of New York.
It is the contention of the plaintiff that the recovery in the Federal court of the Southern District oft New York would be much greater than it would be in the Supreme Court and that this fact was only made known to the plaintiff’s attorney at a pretrial .conference at the November Term of Supreme Court. Plaintiff further contends that it would be a gross injustice not to grant the motion ofi the plaintiff in view of the fact that there is adequate time under the Statute of Limitations to institute the actions in the Federal court of the Southern District of New York.
The defendant Nora L. Nelson contends that the reasons for discontinuance urged by the plaintiff are completely without merit for the plaintiff made his choice of this venue and the defendants have interposed counterclaims in the John M. Schimansky action and have expended a considerable sum of money in the defense of the litigation. Said defendant further contends that the defendants have the same right to a determination ofi the litigation as does the plaintiff and that both courts would apply the same standards of damages and would follow the same law. Said defendant further contends that the plaintiff is “ forum shopping ” and that plaintiff is implying that State courts are unfair in their determinations in that they fail to provide, under the statute, adequate and fair compensation whereas the Federal courts do provide such fair and adequate compensation. That to allow discontinuance of the actions upon the grounds stated would amount to a decision denying the defendant Nora L. Nelson her constitutional right of equal protection of the law and due process of law.
*890 Defendants Moduline Industries and Joseph Norman Meluoen join iá the contentions of .the defendant Nora L. Nelson and further contend that the Southern District Court of New York is one of the most overcrowded land has one of the greatest backlogs on its calendar in the United States. That a three- or four-year delay would build up substantial interest on recovery, if any, for wrongful death to the prejudice of the defendants.
The Appellate Division, Fourth Department, in Piedmont Hotel Co. v. Nettleton Co. (241 App. Div. 562, 563-564) .stated: “ Under the general rule a plaintiff may discontinue an action or submit to a voluntary nonsuit at any time before its issues have been committed to the court or a jury [authority cited]. This rule, however, is not absolute. It is subject to various exceptions — as" in a case where the defendant in good faith has acted affirmatively by interposing a valid counterclaim or asserted a claim to the property involved and in his answer demands affirmative .relief in reference to it. If, under these conditions, he resists the discontinuance of the action the discretion of the court may be successfully invoked [citation].”
The court went on to mention other circumstances in which the discretion of the court would be invoked, not pertinent to these motions.
It is the opinion of this court that the counterclaims of the defendants being, as far as this court has been advised, purely claims for contribution under the theory of Dole v. Dow Chem. Co. (30 N Y 2d 143), they do not qualify as an exception to the general rule stated by the Appellate Division in Piedmont Hotel Co. v. Nettleton Co. (supra).
Conklin v. Wilbur (26 A D 2d 666) and Schultz v. Kobus (15 A D 2d 382, 384) stand for the rule stated in Schultz v. Kobus: “ ‘ A party cannot thwart a preclusion order by a resort to an order of discontinuance without prejudice so that he may bring a new action immune from its effect/ ” (Authority cited.)
However, such rule is not pertinent to these motions, for plaintiff has not defaulted in any respect.
In De Laurentis v. Bercowitz (27 A D 2d 869) the Appellate Division, Third Department, overruled the Supreme Court order denying discontinuance in the absence of .special circumstances and stated (that the motion should have been granted on such terms as in the exercise of discretion be deemed appropriate, including not only statutory costs and disbursements but also any expenses incurred by the defendants in preparation for trial including legal fees and any additional expenses, if any, *891 with respect to expert witnesses which might he incurred as the result ofi the change of place of trial.
It is the opinion of this court that the reasons given in support of the motion to discontinue are immaterial, for a plaintiff can discontinue without expressing any reason for doing so, if he does not fall within one of the exceptions to the general rule stated in Piedmont Hotel Co. v. Nettleton Co. (supra).
The motion of plaintiff for an order of discontinuance in each of the above-entitled actions is granted pursuant to CPLR 3217 without prejudice, but with leave to each of the defendants to apply to this court on five days’ notice, with supporting affidavits, for an order fixing the terms as to .statutory costs, disbursements, expenses in preparation for trial, legal fees and additional expenses, if any, with respect to expert witnesses which might be incurred as the result of the change of place of trial, and for such other terms as each defendant deems necessary and just.