Davis, J.
(dissenting). The plaintiff, an attorney, brought an action to recover legal fees, and the defendant moved for summary judgment based on the plaintiffs failure to inform the defendant that she could elect to resolve their fee dispute by arbitration, as provided in 22 NYCRR 1400.7. The defendant’s summary judgment motion also indicated that the plaintiff failed to file a retainer agreement with the court, that he improperly commenced an action against the defendant while he still acted as her attorney, and that he refused to release her papers. The plaintiff offered no evidence in opposition to the defendant’s summary judgment motion.
In Julien v Machson (245 AD2d 122 [1st Dept 1997]), the Appellate Division upheld an order dismissing a similar action premised on a fee dispute based on the attorney’s failure to advise his client of the right to arbitration, and his failure to file a written retainer agreement. On these bases alone, it is likely that the lower court would have granted summary judgment in favor of the defendant if the plaintiff had not moved to discontinue the action. (See also Paikin v Tsirelman, 266 AD2d 136 [1st Dept 1999] [reversing lower court’s failure to vacate judgment in matrimonial fee dispute matter where counsel failed to plead compliance with arbitration notice requirements].) Under the circumstances, the plaintiffs unduly belated application to discontinue the lawsuit without prejudice should not have been granted — or should have been granted only with *70 prejudice — because this application appears to have been made at the point in the proceeding where the defendant was about to prevail. (See Matter of Baltia Air Lines v CIBC Oppenheimer Corp., 273 AD2d 55 [1st Dept 2000]; NBN Broadcasting v Sheridan Broadcasting Networks, 240 AD2d 319 [1st Dept 1997].) At the least, the court should have conditioned any discontinuance on plaintiffs payment of the defendant’s costs. (See CPLR 3217 [b]; Schimansky v Moduline Indus., 79 Misc 2d 888 [Sup Ct 1974].)
McKeon, EJ., and McCooe, J., concur; Davis, J., dissents in a separate memorandum.