■ Artur Zaytsev, Respondent, v Stanacard, LLC, Appellant. [963 NYS2d 188]—

Order, Supreme Court, New York County (James A. Yates, J.), entered January 25, 2011, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs. Order, same court (O. Peter Sherwood, J.), entered June 18, 2012, which granted plaintiff's oral application on the record, seeking leave to voluntarily discontinue the action, without prejudice, pursuant to CPLR 3217 (b), and in accordance with a notice of discontinuance filed with the court, dated June 13, 2012, unanimously affirmed, with costs.

When viewing the evidence and construing all reasonable inferences in favor of the nonmovant, as is required on a summary judgment motion (*see Dabbagh v Newmark Knight Frank Global Mgt. Servs., LLC*, 99 AD3d 448 [1st Dept 2012]), the documentary evidence in the form of, inter alia, a partially executed 2008 "Joinder Agreement," December 2009 emails from defendant's officers and plaintiff's own averments, raises triable issues of fact whether plaintiff reasonably believed that defendant's lone principal was authorized to procure for plaintiff a 10% membership interest in defendant limited liability company.

Although defendant argues the court should have directed plaintiff to file a formal motion seeking a discontinuance, the record reveals that defendant had ample notice of plaintiff's intent to seek a discontinuance if, as transpired, plaintiff's application for removal of the action to federal court was unsuccessful. The record also demonstrates that defendant's arguments below for severance of its counterclaim for a declaratory judgment in the event of a grant of the discontinuance application reflected not only an opportunity by defendant to be heard on the application, but defendant's thorough understanding of the potential merits of its severance request (*see generally Osowski v AMEC Constr. Mgt., Inc.*, 69 AD3d 99 [1st Dept 2009]). The court correctly declined to sever defendant's counterclaim, as there was no necessity for the court to consider the counterclaim, inasmuch as it, in essence, sought a declaration that certain legal defenses were viable, and such defenses would be entertained in the new federal action (*see generally*

*James v Alderton Dock Yards*, 256 NY 298 [1931]; *Slowmach Realty Corp. v Leopold*, 236 App Div 330 [1st Dept 1932]; *Piedmont Hotel Co. v Nettleton Co.*, 241 App Div 562 [4th Dept 1934]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Abdus-Salaam, Román and Clark, JJ.