(21 App. Div. 371.)

## WINSTON v. WINSTON.

(Supreme Court, Appellate Division, First Department. October 8, 1897.)

DIVORCE—DISCONTINUANCE—DISCRETION OF COURT.

A wife obtained a decree of divorce in another state, and afterwards remarried. The first husband then sued in New York for a divorce on the ground of adultery committed with the second husband, and the wife pleaded the prior decree in bar. There was one child of the first marriage, whose custody was involved. On the day for trial before the referee, and after the wife had been put to considerable expense in the suit, the husband asked leave to discontinue. *Held* not an abuse of discretion to deny leave.

Appeal from special term.

Action by Walker Winston against Lillie Winston for an absolute divorce. The defendant has pleaded a decree of absolute divorce, granted her by the United States district court in Oklahoma. After entering the order of reference, the plaintiff obtained an order to show cause why leave to discontinue should not be granted, which was returnable on the day appointed for the trial before the referee, and which, being opposed, was denied; and it is from the order entered upon such denial that this appeal is taken. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

John J. Crawford, for appellant.
William A. McQuaid, for respondent.

O'BRIEN, J. In Winans v. Winans, 124 N. Y. 140, 26 N. E. 293, it was held that an application for leave to discontinue an action is addressed to the discretion of the court, and that the rule which governs in ordinary cases is not to be strictly applied in actions for divorce. "The rights of the parties to the record are not alone to be considered. The public is to be regarded as a party, and must be so treated by the court; and for this reason the court is invested with a wider discretion in the control of such cases than of others." In that case the defendant denied the alleged marriage, and the court said that it was not a case where the contract of marriage was admitted, leaving simply the issue of adultery. So here it is not a simple issue of adultery; the real point being as to whether the defendant, who secured a decree of divorce in Oklahoma, obtained a legal separation, which would justify her subsequent marriage with the person named as the co-respondent by the plaintiff. There is no contention in the case as to her living with the person to whom she has been remarried,—a Mr. Ludden; the only question being whether that relation is legal or meretricious. The plaintiff insists that the defendant is his wife, and has brought an action to establish that fact. The matter was at issue, and the order of reference entered, and on the very day appointed for the trial before the referee the order to show cause was returnable for leave to discontinue. It is shown that in the preparation of the case the defendant has been put to considerable expense; and, as there is a child in the case,—a child of the marriage of the plaintiff and defendant,—it is proper that the court, for the purpose of determining the question of the proper

bringing up and custody of the child, should determine whether it is to be left with people who are or are not married. The facts, as they are presented, left it a question of discretion, and with the manner in which the judge below exercised that discretion we do not think that we should interfere, and, for that reason, that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.