Louis L. Friedman, J.
Heretofore a motion for alimony and counsel fees came before this court. On the basis of the papers then submitted, as well as some exhibits which showed the financial status of the husband, the motion was granted and an allowance of $25 per week was made for the plaintiff, and she was also granted counsel fees totaling $500. This included counsel fees for defending this action which had been brought against her for an annulment of marriage, as well as counsel fees which became necessary to defend her status as a resident of the United States.
Plaintiff and defendant were married in the State of New Jersey. At that time, defendant was a citizen of the Dominican Republic. She had met the plaintiff in 1956, while she was here on a student’s visa. After his proposal of marriage in September of 1957, she consented to marry him, but advised the plaintiff that under the provisions of her student’s visa, it was necessary that she return to the Dominican Republic, and there reapply for entry into the United States. The parties planned to marry on September 21, 1957, but those plans were not carried out. On September 24, 1957 the defendant returned to the Dominican Republic, after which there was constant mail communication between the two parties. Defendant then applied for a visa to come to the United States, but since she was not yet the wife of an American citizen, she was able to get only a visitor’s visa, on the basis of which she returned to this country. The parties were thereafter married on September 20, 1958. Defendant immediately attempted to change her immigration status, but was advised that it would be necessary that she return to the Dominican Republic in compliance with the provisions of a visitor’s visa, and then apply for re-entry to the United States as the wife of an American citizen. Defendant made plans to do so, and it was just a few days before her *76 departure from the United States, that she was served with a summons and complaint in this action in which plaintiff demands an annulment on the ground of alleged fraud.
Upon the argument of this motion, the court was not impressed with the merits of plaititiff’s cause. Rather did the court feel that defendant would undoubtedly succeed upon the trial. Since it appeared upon the argument that defendant was in need of alimony and counsel fees, the court made the award hereinbefore indicated. One hundred and fifty dollars of the counsel fees was allowed for the purpose of defending defendant’s immigration status in the United States, under the theory that it was necessary that she do so in order to defend this action; that she was in the United States by reason of arrangements made between her and her husband; and that it was necessary that she be here in order to defend the action brought against her. In that respect, the counsel fees awarded for the defense of defendant’s immigration status, were so awarded either under the theory that they were necessaries for the wife, or that they were counsel fees which were necessary to enable her to remain in the United States so as to interpose her defense in this action.
Although in his papers in opposition to the original motion, plaintiff set forth his alleged inability to make any payments, an affidavit which was submitted to the court, signed by the plaintiff when he sponsored defendant’s application for a visitor’s visa, was exhibited to the court. This affidavit revealed that at that time plaintiff set forth that he was possessed of adequate means to support the plaintiff and to pay the counsel fees which were awarded.
Following the court’s decision, a motion has now been made by the plaintiff for leave to discontinue the action brought by him. Plaintiff now admits frankly in his moving papers that since defendant is to interpose a defense to this action, he, the plaintiff, cannot succeed. He contends that although the assets which were set forth in detail in the exhibit offered to the court, were at that time in his name, that he has transferred some of those assets to his father; and he contends that he is, therefore, no longer possessed of them. He claims his right to discontinue. In opposition, defendant points out that a discontinuance of this action will jeopardize her intended application to the immigration authorities to return to the United States; that she departed from the Dominican Republic only in order to comply with the provisions of her visitor’s visa, and that she intends to come back to this country as soon as possible to give birth to her child, and to maintain her position as the wife of this *77 plaintiff. She, states, in effect, that plaintiff’s now belated attempt to discontinue, is solely for the purpose of avoiding his obligations under the prior decision of this court.
The court feels that the position of the defendant is well taken and that the discontinuance should not be allowed. While ordinarily, a plaintiff has a right to discontinue an action at any time lief ore the issues therein have been submitted to the court or jury (Matter of Butler, 101 N. Y. 307; Schintzuis v. Lackawanna Steel Co., 224 N. Y. 226; Piedmont Hotel Co. v. Nettleton Co., 241 App. Div. 562; Gentilala v. Fay Taxicabs, 243 N. Y. 397), such discontinuance will not be allowed where substantial rights have accrued to the other party to the action (Piedmont Hotel Go. v. Nettleton, supra) or where there has been a changed position by reason of the institution of the proceeding (see Rollins v. Rollins, N. Y. L. J., Dec. 1, 1941, p. 1759, col. 1 [Sup. Ct., Westchester County, Patterson, J.]). It is clear that in a matrimonial action, a discontinuance is not always a matter of right (see Winans v. Winans, 124 N. Y. 140). Other cases arise where a discontinuance will only be granted on terms, or will be denied in its entirety (Grosner v. Abramson, 162 Misc. 731). In Seif v. City of Long Beach (N. Y. L. J., Feb. 6, 1940, p. 596, col. 5), decided by Mr. Justice Lockwood sitting at Special Term, Part I, Supreme Court, Kings County, the court denied an application to discontinue, holding that the defendant’s rights might be prejudiced thereby. In Carleton v. Darcy (75 N. Y. 375); Palmedo v. Walton Reporter Co. (112 Misc. 729, affd. 193 App. Div. 920) and Frear v. Lewis (201 App. Div. 660), appellate courts have held that under the circumstances outlined in those cases, it would be improper to permit a discontinuance.
Since it appears without question that the right to a discontinuance is not always absolute, and in view of the court’s feelings that the only reason that a discontinuance is now sought is because of the court’s prior decision granting alimony and counsel fees, the motion is in all respects denied. The order submitted on the original motion has been signed. Submit order on this motion to discontinue.