Habby B. Frank, J.
Motions numbered 13 and 14 have been considered together.
Plaintiff commenced two actions in this court, one against the Missouri Pacific Railroad Company, and the other against the Pennsylvania Railroad Company, each arising out of the same transaction and for the same relief, to wit, damages to a certain shipment of produce. The defendant railroad companies join in a motion to consolidate these two actions, and the plaintiff moves to discontinue the action against the defendant, Pennsylvania Railroad Company.
There is no doubt that these actions would be consolidated if the plaintiff were not seeking leave to discontinue one of the two actions. However, it is equally clear that the right to discontinue is not absolute (Freeman v. Manhattan Cab Corp., 1 Misc 2d 601), and that after issue is joined an action shall not be discontinued by plaintiff except by order of the court (Rules Civ. Prae., rule 301).
The action against the Missouri Pacific Railroad Company, the initial carrier of the shipment aforesaid, is stated to be predicated on paragraph 11 of section 20 of title 49 of the United States Code, and it follows that any judgment that may be recovered in that action against that defendant would serve as basis for such defendant to bring a suit under paragraph 12 of said section to recover from “ the common carrier * * *
on whose line the loss, damage, or injury shall have been sustained, the amount of such loss, damage, or injury as it may be required to pay * * * as may be evidenced by any receipt, judgment, [etc.] ”. Thus, there is the possibility of a further action being brought against the Pennsylvania Railroad Company by virtue of Missouri Pacific Railroad Company’s right of subrogation pursuant to statute should the plaintiff be sue *84 cessful in the action against it. It therefore seems desirable, in keeping with the court’s quest to avoid a multiplicity of suits, that the motion for consolidation be granted so that the issue of negligence, if any, as attributed to either or both the defendants in relation to this shipment, may be litigated.
In the event the plaintiff is unsuccessful against the defendant, Pennsylvania Railroad Company, in the consolidated action, the practical consequences, namely a judgment for costs, would be no more onerous than the imposition of terms and conditions, under the circumstances herein, were discontinuance allowed by order under rule 301 of the Rules of Civil Practice. Accordingly, the motion to consolidate is granted, and the motion to discontinue denied.