M. Michael Potoker, J.
This proceeding was originally initiated by petitioner on June 21, 1967 for support for herself and a minor child of the marriage. At a hearing before this court on July 24, 1967 petitioner voluntarily offered to support herself and child without contribution on part of respondent who was then unemployed and undergoing after-care psychiatric treatment. At the same hearing an order was entered by the court granting visitation rights to respondent at stated intervals. The record discloses that the matter has been on the Family Court calendar 25 times from June 21, lf,J7 to date and except for July 24, 1967 all of the other occasions dealt with orders of protection and visitatio; .
On February 3, 1969 Judge P^ier directed the Clerk of the court to inquire whether petitioner wished to proceed or have *575 her case dismissed. The record on this point indicates that on written consent of both attorneys the matter was adjourned to February 17, 1969. Numerous adjournments and extensions of an order of protection were granted, until a hearing on visitation only took place before Judge Moskokf on September 12, 1969, at which time the court concluded that “it is in the best interest of child and parties that a temporary order of visitation be made without prejudice to a final determination aftér a full hearing and consideration of updated psychiatric reports on respondent, petitioner, and child, which are hereby directed to be made at the Court Clinic.” Judge Moskokf extended the order of protection as modified to include visitation and referred the matter to Central Trial Term for a final order.
A motion to reargue was denied by Judge Moskokf on October 22, 1969. The matter came on before me in Central Trial Term on March 20, 1970 at which time petitioner’s attorney moved for discontinuance of the proceeding inasmuch as petitioner, who originally initiated the action for support, is now desirous of withdrawing her petition. Petitioner’s attorney further argues that, if the petitioner’s application is withdrawn, respondent’s cross application for visitation rights must be dismissed for lack of jurisdiction. Respondent, on the other hand, moves the court to direct petitioner to comply with Judge Moskokf’s order of September 12, 1969 and that she submit to an examination at the court clinic.
Generally, the Family Court is empowered to make any order, in matters within its jurisdiction, to permit and establish times and rules of visitation (Matter of Anonymous v. Anonymous, 50 Misc 2d 43). Prerequisite to the entry of such order is proper jurisdiction which under subdivision (a) of section 447 of the Family Court Act can only be obtained if the question of visitation is raised in a support proceeding and in the absence of an order of custody or of visitation entered by the Supreme Court (Matter of Bolatin v. Bolatin, 29 A D 2d 534). Petitioner argues that, since she is now withdrawing her support petition, there is nothing left to be decided by the court except visitation and the Family Court lacks the jurisdiction to deal exclusively with it absent a support proceeding. Petitioner however, ignores the existence of an order of protection which had been issued by the court on June 21, 1967 and extended from time to time to the present date.
Focusing its attention to section 842 of the Family Court Act we find that under subdivision (b) of said section the Family Court is authorized ‘1 to permit a parent to visit the child at *576 stated periods ”. Under the circumstances the court finds that it is not shorn of its jurisdiction and authority to deal with the matter of visitation as an integral part of an existing order of protection.
Petitioner’s motion to withdraw at this late stage of the proceeding which has been on the court calendar 25 times is also denied. CPLR 3217 (subd. [b]) which is applicable here reads as follows: “ except as provided in subdivision (a), an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper. After the cause has been submitted to the court or jury to determine the facts the court may not order an action discontinued except upon the stipulation of all parties appearing in the action. ’ ’ It thus appears that the granting of a discontinuance of an action is discretionary with the court.
In Harley v. Harley (19 Misc 2d 74, 77) the court stated that “it is clear that in a matrimonial action, a discontinuance is not always a matter of right ”.
The court can refuse to allow a discontinuance if it feels that the rights of a defendant have been prejudiced (Grana v. Metropolitan Life Ins. Co., 237 App. Div. 54; F. H. Vahlsing, Inc. v. Pennsylvania R. R. Co., 29 Misc 2d 82; Harley v. Harley, supra) or if the plaintiff is attempting thereby to circumvent a prior order of the court (A. B. C. Wholesale Florists v. Spankos, 124 N. Y. S. 2d 167; Schultz v. Kobus, 15 A D 2d 382).
If the defendant or respondent has a valid interest in having an action or proceeding for a determination of issues presented by him, he may resist a proposed discontinuance as to him. Thereupon the matter rests in the sound discretion of the court which may protect the party’s interests by refusing the discontinuance. (Matter of Cowles, 22 A D 2d 365, affd. without opn. 17 N Y 2d 567.)
To grant a discontinuance at this time would certainly deprive respondent of his right to pursue visitation of his child and simultaneously reward the petitioner in her attempt to circumvent a prior order of the court which ordered her to be examined at the court clinic.
Petitioner is also guilty of laches in that at no time on the 24 previous occasions when the matter was before the court did she seek a discontinuance of her support petition.
Respondent’s application is accordingly granted and petitioner is directed to comply with Judge Moskoff’s order and to appear at the court clinic on a date to be designated by the Probation Department and upon due and proper notice to her.
*577 The matter has been adjourned on consent to June 12, 1970 for hearing on a final order of visitation and for support if petitioner elects to pursue her claim at that time. The temporary order of protection is also extended to June 12,1970 on consent.