Arnold L. Fein, J.
In a prior action in this court commenced by motion for summary judgment in lieu of complaint, pursuant to CPLE 3213, by the present defendant, Indag S. A. (Indag), as plaintiff, against the present plaintiff, Irrigation & Industrial Development Corporation (IIDC), as defendant, Indag’s motion was denied by order (Bloustein, J., August 17,1972), directing. Indag to serve a formal complaint within 30 days. Faced with litigating an ordinary action instead of obtaining an expeditious CPLR 3213 judgment, Indag did not serve a formal complaint. Instead, it served and filed a notice of voluntary discontinuance on September 26,1972, pursuant to CPLR 3217 (subd. [a], par. 1).
The present action was commenced by IIDC, two days later, by service of a summons and notice on Indag’s attorneys in the prior action, pursuant to CPLR 303. Indag’s attorneys served a notice of appearance and demand for a complaint and IIDC served the complaint in this action on November 9, 1972.
Indag now moves, pursuant to CPLE 3211 and 327, to dismiss the complaint on the grounds (1) that the court does not have jurisdiction over Indag, and (2) of forum non conveniens.
If Indag’s voluntary notice of discontinuance was effective to discontinue the first action, without an order, the court is without jurisdiction, since the summons in this action was concededly served on Indag’s attorneys after service and filing of the notice óf discontinuance of the first action. CPLR 303 permits service of process in a new action on attorneys in a prior action only during the “pendency” of the prior action. Discontinuance under CPLR 3217 (subd. [a], par. 1), without an order, is accomplished by serving and filing a notice before' a responsive pleading is served or within 20 days after service of the pleading asserting the claim, whichever is earlier.
The issue, of novel impression, is whether IIDC’s papers served and submitted in opposition to Indag’s motion for summary judgment in lieu of complaint in the first action are to be deemed a responsive pleading for purposes of precluding a voluntary discontinuance, as provided in CPLR 3217. If so, the time for unilateral discontinuance had run, the notice of discontinuance was ineffective and the service on Indag’s attorneys gave the court jurisdiction in this action.
CPLR 3011, describing the kinds of authorized pleadings, does not refer to the papers authorised by CPLR 3213. How *68 ever, CPLR 3011 must be read together with CPLR 3213, authorizing service of a summons and notice of motion for summary judgment and supporting papers “ in lieu of a complaint.” “ In lieu of ” means in place of or in substitution. The moving papers in such an action are equivalent to a complaint, setting forth a claim on an instrument for the payment of money only, on which judgment could be entered if the motion is granted. Such papers on a CPLR 3213 motion for summary judgment must be deemed a pleading “asserting a claim ” within the meaning of CPLR 3217.
The thrust of CPLR 3011, limiting the kinds of pleadings is to prevent the proliferation of papers and thus to expedite the resolution of disputes. This is also the function of the CPLR 3213 summary judgment procedure. CPLR 3011 cannot be construed to prevent the court from considering the motion for summary judgment in lieu of complaint as equivalent to a complaint and the papers in opposition as an answer, a responsive pleading, for the purpose of terminating the right to a unilateral discontinuance. Moving and answering papers are “ deemed the complaint and answer ” as- a basis for further proceedings in the action unless the court orders otherwise. (CPLR 3213.) The court is given discretion to order formal pleadings only where necessary for clarification of the issues where a claim has been stated in the motion papers and a defense set forth in the opposing papers.
The court’s order to serve a formal complaint in the prior action here recognized the need for clarification as to the claimed defense of “ failure of consideration for the instrument sued upon ’ ’ and as to whether Indag was a party to or bound by the underlying agreement relied on by IIDC on its opposition' to the motion. To hold that the order for formal pleadings was a ruling that there was no complaint or responsive pleading would exalt form over substance. On the contrary it must bn held that the court found that a claim had been asserted in the CPLR 3213 action and that a responsive pleading denying the claim had been interposed, but that both needed clarification by formal pleadings. This is the sole function of ordering a formal complaint and answer in a CPLR 3213 action. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3213.02c; Siegel, Commentary to CPLR 3213, C3213.11, McKinney’s Cons. Laws of N. Y., Book 7B, p. 837.)
Unilateral discontinuance on notice should be available only at the earliest stages of litigation, in order to avoid prejudicial results. Prior to CPLR 3217 (subd. [a], par. 1) and its predecessor rule 301 of the Rules of Ciyil Practice, there were *69 such discontinuances, even after a defendant had extensively prepared and served his answer and even while the court had the matter under consideration. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3217.01; Siegel, Commentary to CPLR 3217, C3217:1; McKinney’s Cons. Laws of N. Y., Book 7B, p. 1005; Getz v. Harry Silverstein, Inc., 205 Misc. 431.) As these and other authorities hold, CPLR 3217 (suhd. [a], par. 1) was designed and must be read to prevent this. (See Ardell Marine Corp. v. Duchinsky, 13 Misc 2d 111; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3217.04, p. 32-225.)
The purpose of CPLR 3217 (suhd. [a], par. 1) is to prescribe precisely when voluntary discontinuance is permissible. The right to discontinue must be strictly construed against the party asserting it, to avoid prejudice. Indag’s notice of voluntary discontinuance in the prior action was ineffective. Accordingly service on its attorneys was sufficient to give the court jurisdiction in this action.
Indag, as plaintiff in the first action, selected this forum to litigate the merits, albeit via the CPLR 3213 expeditious procedure. Having been denied immediate relief, it now complains of inconvenience. HDC, sued here in the prior action and the plaintiff in this action, is a New York corporation with its principal office in this county, with a right to bring suit in this jurisdiction if jurisdiction over Indag could be obtained here. It should be afforded the opportunity to litigate in its home forum. Both parties have chosen this jurisdiction. After an adverse decision, Indag’s desire to sue elsewhere, in the face of its adversary’s desire to litigate here, will not serve substantial justice. Although the domicile of IIDC in this jurisdiction is not controlling (CPLR 327; Silver v. Great Amer. Ins. Co., 29 N Y 2d 356), it should not be ignored. As stated in CPLR 327: “ When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just.”
Indag having brought the prior action here, substantial justice will not be served by compelling IIDC to litigate elsewhere, against its will, the very issues on which it was held entitled to a trial here in the prior action.
The motion to dismiss based upon lack of jurisdiction and forum non conveniens is denied.
Indag is given leave to serve a formal complaint, as previously ordered, in the prior action and an answer in this action, both within 20 days of service of a copy of this order with notice of entry. If the parties so stipulate in writing, the court will *70 entertain an order consolidating both actions and providing that the formal complaint in the prior action shall be deemed the. complaint and the complaint in the second action shall be deemed a counterclaim in the first action with leave to replead it as such when the answer is served.