■ BERNARD KAMHI, Appellant, v. SHIRLEY KAMHI, Respondent.— In an action for divorce, plaintiff appeals from an order of the Supreme Court, Kings County, dated March 29, 1973, which, *inter alia*, (1) granted defendant's motion

for alimony and child support *pendente lite* and other relief and (2) directed plaintiff to serve a complaint. Order reversed, without costs, and defendant's motion denied. It appears that plaintiff commenced this action on March 21, 1972 by the service of a summons only. Defendant served a notice of appearance and demand on April 3, 1972. Ostensibly reconciled, the parties resumed living together on May 3, 1972 and continued living together until about January 2, 1973. By notice of motion dated March 1, 1973, returnable March 15, 1973 and adjourned to March 22, 1973, defendant moved for various relief *pendente lite*. On March 22, 1973 plaintiff duly filed and served a voluntary notice of discontinuance of the action pursuant to CPLR 3217 (subd. [a], par. 1). As indicated, the order appealed from was made on March 29, 1973. In the light of the sequential events in the action and considering the procedure followed by defendant in her own prior matrimonial action, we are not disposed to hold that plaintiff's filing of the voluntary notice of discontinuance was designed primarily to circumvent the previously indicated decision of Special Term. Absent "a responsive pleading" (CPLR 3217, subd. [a], par. 1), plaintiff had the statutory right to voluntarily discontinue the action, particularly where no motion had been made by defendant to compel service of a complaint pursuant to CPLR 3012 (subd. [b]), and her own motion for temporary relief was not returnable until March 15, 1973. While we understand the reaction of Special Term, in the context of this record we deem the failure to recognize the validity of the voluntary notice of discontinuance to be an improvident exercise of discretion. Defendant is not without a ready remedy. If, as she claims, there exists a basis for commencement of her own action against plaintiff grounded upon his current misconduct, she may initiate an appropriate proceeding in the Supreme Court, if so advised; or she may return to the Family Court where she has had previous recourse and where she presently has a proceeding pending which is about to be heard. In either forum, a plenary hearing could be held as to plaintiff's income and resources, as to his obligation to support the recently emancipated son of the parties and as to the extent of the son's own recently acquired estate. Munder, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.