■    JOHN A. SCHIMANSKY, as Administrator of the Estate of LISA J. SCHIMANSKY, Deceased, Respondent, v NORA L. NELSON, Defendant, and MODULINE INDUSTRIES et al., Defendants and Third-Party Plaintiffs-Appellants. JOHN A. SCHIMANSKY, as Administrator of the Estate of JOHN M. SCHIMANSKY, Deceased, Third-Party Defendant-Appellant. (Action No. 1.) JOHN A. SCHIMANSKY, as Administrator of the Estate of JOHN M. SCHIMANSKY, Deceased, Respondent, v MODULINE INDUSTRIES et al., Appellants. (Action No. 2.)—Appeals from an order of the Supreme Court, entered December 11, 1974 in Columbia County, which granted plaintiff's motion for a voluntary discontinuance in each of the above actions. These two negligence actions for wrongful death arose out of a collision which took place on June 13, 1973 in the Town of Canaan, Columbia County, New York, between an automobile operated by plaintiff's decedent John M. Schimansky of Rhode Island and a tractor trailer belonging to defendant Moduline Industries, a New Hampshire corporation. Suit was commenced in Columbia County as the place where the causes of action arose, but at a pretrial conference in November, 1974 plaintiff's counsel learned that substantially

larger damage awards had been obtained in the Federal court for the Southern District of New York. Consequently, he moved, pursuant to CPLR 3217 (subd [b]), for a voluntary discontinuance of these actions in State Supreme Court and commenced actions in the Southern District of New York based upon the parties' diversity of citizenship. Following a hearing on November 27, 1974, the motion for a discontinuance was granted without prejudice, conditioned upon payment by plaintiff of defendants' costs, disbursements and expenses in preparation for trial, and it is from the granting of this motion that defendants now appeal. The sole question presented here is whether the court abused its discretion in granting a discontinuance, and we find that it did not. A plaintiff should be permitted to discontinue an action upon appropriate terms at any time prior to the submission of the issues to the court or the jury, absent a showing that the rights of defendants or others would be prejudiced thereby (7 Carmody-Wait 2d, NY Practice, § 47:12). In this instance, no such prejudice would result because the granting of the motion was conditioned upon plaintiff's payment of defendants' costs, disbursements and expenses. In addition, the Statute of Limitations has not yet run on defendant Moduline Industries' counterclaim for property damage to the mobile home being transported on its tractor trailer, and the parties' various claims for contribution under the theory of *Dole v Dow Chem. Co.* (30 NY2d 143) are unaffected by the result. Furthermore, this court has previously held in an analogous situation in *De Laurentis v Bercowitz* (27 AD2d 869) that the motion of the plaintiffs therein for a discontinuance should have been granted so that they could proceed with their action in Federal court. Order affirmed, without costs. Greenblott, Koreman, Main and Reynolds, JJ., concur; Herlihy, P. J., concurs in the following memorandum. Herlihy, P. J. (concurring). While I adhere to my prior dissent in *De Laurentis v Bercowitz* (27 AD2d 869, 870), I feel bound by the majority statement.