Edward M. Horey, J.
The plaintiff wife commenced an action for divorce in the Supreme Court, State of New York, by the service of a summons with notice on the defendant, her husband. The notice on the summons stated that the grounds for the action was "cruel and inhuman treatment”. The summons then specified that the relief sought was not only a judgment of absolute divorce in favor of the plaintiff, but also for "custody of’ and "support for” Toma Wayne Hutchison, an infant child born of the marriage between plaintiff and defendant.
The summons with notice was served on the defendant on the third day of September, 1975. On the same date, the attorney for the defendant served the attorney for the plaintiff with a notice of appearance and a demand for service of a copy of a complaint.
No complaint was served then or ever. What transpired was *1072 that the attorneys for the parties entered into a series of negotiations which appear from the affidavits submitted to have concerned themselves with three principal items, to wit: (1) The withdrawal of the action for divorce brought by the wife on the grounds of cruel and inhuman treatment and the commencement, in substitution thereof, of an action for divorce brought by the husband on the grounds of adultery, and (2) Custody of the infant child, and (3) Rights of visitation with the infant child. Nothing was resolved as a result of these negotiations.
While the negotiations were proceeding, in the early part of December, 1975, the plaintiff wife advised her attorney that the defendant husband had made threats of bodily harm to her and to her boyfriend and she feared violence to be done to her or to the infant. This information was relayed by the plaintiff’s attorney to the defendant’s attorney. He suggested that if there were substance to the wife’s allegations that she should institute criminal proceedings for harassment or Family Court proceedings for an order of protection. It does not appear that either suggested action was undertaken.
In the latter part of December, 1975, the plaintiff wife left the State of New York with the infant child in her custody and established a residence in the State of Nevada. Both the attorney for the wife and the husband asserted by affidavit that her departure was without their knowledge. On February 5, 1976 the attorney for the wife in the New York action for divorce received a request from a Nevada attorney requesting that the action in New York be discontinued and that a summons and complaint instituting a new action for divorce brought by the wife in the State of Nevada be served upon the defendant husband. A copy of the summons and complaint in the Nevada action was forwarded for service.
On February 10, 1976 the New York attorney for the plaintiff wife prepared and served upon the attorney for the defendant husband a notice of discontinuance of the New York action for divorce. This notice was filed with the Allegany County Supreme Court Clerk. Immediately thereafter, a copy of the summons and complaint initiating the action for divorce in Nevada was served upon the defendant husband and also upon his attorney.
The following day, February 11, 1976, the defendant’s attorney returned the notice of discontinuance to the plaintiff’s attorney, together with a written notice of rejection thereof.
*1073 Plaintiff wife, on an order to show cause now brings on this motion seeking adjudication that there was a proper and effective voluntary discontinuance of the action for divorce by dint of the service of the notice of discontinuance. In the alternative, the motion prays this court to issue an order discontinuing such action upon the facts stated.
The applicable statute is CPLR 3217. It provides in relevant part as follows:
"Rule 3217. Voluntary discontinuance.
"(a) Without an order. Any party asserting a claim may discontinue it without an order
"1. by serving upon all parties to the action a notice of discontinuance at any time before a responsive pleading is served or within twenty days after service of the pleading asserting the claim, whichever is earlier; and filing the notice with proof of service with the clerk of the court” (italics added).
On the issue of voluntary discontinuance, the defendant argues that the time provisions of the statute had run before service of the notice of discontinuance. Thus, he urges that voluntary discontinuance by service of the notice thereof was ineffective. This argument is examined.
The statute (CPLR 3217) imposes a restriction of the lesser of two alternative time provisions. Either a notice of discontinuance must be served before a responsive pleading is served, or it must be served within 20 days of the service of a pleading asserting a claim, whichever is earlier.
Pleadings are defined as: "the formal statements by the parties of the operative facts (as distinguished from evidentiary facts), which constitute their respective claims and defenses.” (4 Carmody-Wait, NY Civ Prac [2d ed], § 27.1, p 108.) The kind of pleadings permitted in an action are defined and limited by statute to consist of a complaint (inclusive of a complaint of interpleader or a third-party complaint), an answer (including an answer asserting a counterclaim or cross claim) and a reply. (CPLR 3011.)
A summons, on the other hand, is only a written notice required to bring a defendant into court. It is designed to apprise a defendant that the plaintiff in the action seeks a judgment against him and that at a stated time and place he is to appear and answer the complaint against him. (3 Carmody-Wait, NY Civ Prac [2d ed], § 24.1, citing Hull v Canan *1074 daigua Elec. Light & Ry. Co. 55 App Div 419 Stuyvesant v Weil, 167 NY 421; Ackermann v Berriman, 61 Misc 165, and see SCPA 305.)
The addition to the summons of provisions of notice that the object of the action is one for divorce does not alter the nature of the summons. Such notice provision is merely an additional requirement to a summons in a matrimonial action. Its addition is necessary to obtain a judgment by default in the event that a complaint is never served. Such notice, and its purpose, is set forth in section 232 of the Domestic Relations Law. The further inclusion of notice on the summons that custody and support of minor children would be sought in the action, merely follows a practice recommended by judicial determination to serve the ends of justice by letting the defendant know that the plaintiff is seeking collateral relief in the matrimonial action. (Giella v Giella, 55 Misc 2d 727.)
The conclusion reached then is that a summons with notice is not a pleading. Thus, while it is true that the plaintiff’s notice of discontinuance was served more than 20 days after the service of the summons with notice, it was not served more than 20 days after the service of a pleading asserting the plaintiff’s claim. That claim has not been asserted by a pleading.
Since service of the notice of discontinuance was timely under the 20-day period provided in the statute, it remains only to determine whether such service was timely under the alternative time restriction. The inquiry here is whether the notice of discontinuance was served by the plaintiff before a responsive pleading was served by the defendant.
All that has been served by the defendant is a notice of appearance and a demand for a complaint.
A notice of appearance is merely a written notice by which a defendant appears in an action. The service of it is one of the three ways provided by statute to give a court jurisdiction over the person of a defendant. Filing an answer or the making of a motion are alternative statutory provisions. (CPLR 320 and 4 Carmody-Wait, NY Civ Prac [2d ed], §§ 26:18 and 26:19, pp 63-65.)
A demand for a complaint is a written form provided by statute by which a defendant can require a plaintiff to serve a complaint. If the plaintiff fails to serve the complaint, the effect of the service of the demand is to provide the court with *1075 jurisdiction to dismiss the plaintiff’s action. (See CPLR 3012; 4 Carmody-Wait, NY Civ Prac [2d ed], § 26:47, pp 95-96.)
Clearly, neither a notice of appearance, nor a demand for a complaint fall within the definition of a pleading. (See supra, definition of a pleading, and 4 Carmody-Wait, NY Civ Prac [2d ed], § 27:1, p 108 and CPLR 3011). As to the alternative time provision provided by statute then, the court concludes that the notice of discontinuance was timely because it was served before the defendant had served a responsive pleading.
Despite the timeliness of service of the plaintiff’s notice of discontinuance under both alternative time provisions, the defendant, nonetheless, urges a denial of the motion on the grounds that an exception exists in the instance of a matrimonial action. It appears true that there does exist a line of judicial determinations which reserve to the court some discretion relative to a voluntary discontinuance if the action involved is a matrimonial one.
"The general rule that a plaintiff has a right to discontinue his action upon appropriate terms cannot be strictly applied in divorce cases because: (1) The rights of the parties to the record are not alone to be considered. The public is regarded as a party, and must be treated as such by the court. (2) Because of the public interest, the court has been invested with a wider discretion in the control of the course of procedure in matrimonial actions than in others”. (18 CarmodyWait, NY Civ Prac [2d ed], § 114:117, citing cases.)
"Although generally discontinuance without leave of the court is permitted within the time limits and in the manner specified in subdivision (a), there are instances where a paramount public interest dictates that this right be limited. In some areas, specific statutes which take precedence over CPLR 3217 expressly so provide; and sometimes court approval has been required as a matter of case law where the public is deemed to have an interest that must be safeguarded by the court-e.g., in matrimonial cases, or proceedings for appointment of a committee for an incompetent person”. 4 Weinstein-Korn-Miller (NY Civ Prac, par 3217.03; italics added.)
Case decisions supportive of the noted exception in matrimonial actions are: Winans v Winans (124 NY 140), the formulative and leading case; Winston v Winston (21 App Div 371); Harley v Harley (19 Misc 2d 74); Schneider v Schneider (32 AD2d 630); Bishop v Bishop (62 Misc 2d 436); Smith v Smith (62 Misc 2d 574).
*1076 Accepting the existence and continuance of an exception to the right of voluntary discontinuance in matrimonial actions, the extent of the exception is uncertain. Also uncertain are the limitations on the exercise of judicial discretion, especially when such discretion is sought in a matrimonial action wherein no pleadings have been served by the parties, which is the case at bar. A review of the cited cases which refer to the exception, discloses some decisions which merely state the existence of the exception and cite earlier cases, principally Winans v Winans (supra) in support of the statement. Other noted cases stating the exception disclose facts indicating that responsive pleadings had been served by the parties.
Only one decision has been discovered which attempts to relate the current statutory provisions for voluntary discontinuance (CPLR 3217) to a factual situation wherein no pleadings had been served. That case is Kahmi v Kahmi (42 AD2d 966). There, as in the case at bar, an action for divorce had been commenced by the service of a summons. There had been no complaint served on the defendant and the defendant had made no responsive pleading. Reversing an order of the Supreme Court, the Appellate Division held: "Absent 'a responsive pleading’ (CPLR 3217, subd. [a], par. 1), plaintiff had the statutory right to voluntarily discontinue the action, particularly where no motion had been made by defendant to compel service of a complaint pursuant to CPLR 3012 (subd. [b])”. The court stated further that it deemed the failure of special term "to recognize the validity of the voluntary notice of discontinuance to be an improvident exercise of discretion”. Regrettably, no mention was made in the decision of any exception on the right of voluntary discontinuance in a matrimonial action.
This court needs no convincing that the statutory provisions to effect a voluntary discontinuance of an action should not be employed as a means of harassment, a device for inequity, or a source of repetitive litigation. That is not its purpose. (Headley v Noto, 45 Misc 2d 284, affd 24 AD2d 493.) As a consequence, this court confesses it would willingly seize upon an exception to the right of voluntary discontinuance in a matrimonial action or any other exception, if in doing so it would avoid any unjust result.
However, the consideration for the exercise of judicial discretion urged on the court by the defendant relates to the reason for the plaintiff’s departure from the State of New York. Whether such departure was an exercise in "court *1077 shopping” prompted by a suspicion of an adverse result in the divorce action, as urged by the defendant, or whether such flight was occasioned by a bona fide fear of bodily harm brought about by threats and conduct of the defendant, as urged by the plaintiff, simply cannot be resolved on the record before the court. There exists only the affidavits of the attorneys for the parties. Neither assert personal knowledge of the facts. Argument of counsel is not a proper substitute for evidence; neither is suspicion even if it is judicial suspicion.
The plaintiff having complied with the time requirements of the statute, the defendant having alternatively failed to move to dismiss the action on the grounds of the failure of the plaintiff to serve a complaint after demand, and having also failed to move to compel the service of a complaint, and no sufficient evidence existing to prompt the exercise of judicial discretion, the court holds that the service of notice of discontinuance of the action by the plaintiff was timely and effectively made.