■ PATRICIA J. BATTAGLIA, Appellant, v PHILIP S. BATTAGLIA, SR., Respondent. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered August 6, 1981 in Albany County, which granted defendant's motion to dismiss an action for divorce, and denied plaintiff's cross motion for an order declaring that a previous action for divorce had been voluntarily discontinued without prejudice. Plaintiff commenced an action for a divorce on January 3, 1978 by service of a summons and notice, alleging the grounds to be adultery and seeking alimony, custody of minor children, support for the children, and counsel fees. No complaint was ever served. Negotiations between attorneys for an amicable disposition without service of a formal notice of appearance or demand for a verified complaint were unsuccessful. On December 17, 1980, plaintiff served upon defendant's attorneys a notice pursuant to CPLR 3217 (subd [a], par 1), voluntarily discontinuing the action without costs or prejudice to either party. Defendant rejected the notice and returned it the same day together with a formal notice of appearance and

demand for complaint. The next day, December 18, 1980, plaintiff commenced another action for divorce by service of a summons and notice together with a verified complaint. Special Term granted defendant's CPLR 3211 (subd [a], par 4) motion dismissing the second action and denied plaintiff's cross motion for an order pursuant to CPLR 3217 (subd [a], par 1) seeking a declaration that the voluntary discontinuance of the first action was valid. Plaintiff has appealed. Plaintiff's admitted purpose in seeking to voluntarily discontinue the first action was to take advantage of the amendment to section 236 of the Domestic Relations Law, commonly called the "Equitable Distribution Law", which became effective July 19, 1980, enlarging substantially the power of the court to distribute property held during the marriage in certain matrimonial actions (L 1980, ch 281, § 9). It is now well settled that our courts will permit neither amendment of a complaint in a matrimonial action pending prior to July 19, 1980, the "watershed" date of the Equitable Distribution Law (*Valladares v Valladares,* 55 NY2d 388), nor grant an order of discontinuance of a pending matrimonial action pursuant to CPLR 3217 (subd [b]). (*Pollack v Pollack,* 56 NY2d 968; *Zuckerman v Zuckerman,* 56 NY2d 636; *Tucker v Tucker,* 55 NY2d 378). Plaintiff, however, seeks to distinguish her case from *Valladares* by contending that her discontinuance was made pursuant to CPLR 3217 (subd [a], par 1) rather than CPLR 3217 (subd [b]).[1] We are today called upon to determine whether this plaintiff has a clear legal right to discontinue her action because such right was timely asserted since neither a complaint nor even a formal notice of appearance and demand for a complaint had been served during the three years following commencement of the action. We must determine whether the factual circumstances peculiar to this case and the legislative intent unequivocally expressed in the limitation of the rights of parties to invoke the benefits of part B of section 236 of the Domestic Relations Law should operate to deny plaintiff of her apparent right to a CPLR 3217 (subd [a], par 1) voluntary discontinuance. In our examination, we note that "[t]he general rule that a plaintiff has a right to discontinue his action upon appropriate terms cannot be strictly applied in divorce cases because: (1) The rights of the parties to the record are not alone to be considered. The public is regarded as a party, and must be treated as such by the court. (2) Because of the public interest, the court has been invested with a wider discretion in the control of the course of procedure in matrimonial actions than in others" (19 Carmody-Wait 2d, NY Prac, § 114:126, pp 192-193; see *Hutchinson v Hutchinson,* 87 Misc 2d 1071, 1075, affd on mem at Special Term, Horey, J., 55 AD2d 817). We find the right to voluntary discontinuance, if timely asserted, has already been abridged in several instances where a paramount public interest dictates that this right be limited, and sometimes court approval has been required by statute or case law where the public is deemed to have an interest that must be safeguarded by the court, e.g., in matrimonial cases (4 Weinstein-Korn-Miller, NY Civ Prac, par 3217.05; see *Hutchinson v Hutchinson, supra*). Indeed, CPLR 908 requires court approval of discontinuance of a class action; subdivision (d) of section 626 of the Business Corporation Law provides similar protection for a nonparty shareholder in a shareholder's derivative action; ECL 71-0505 (subd 3) requires court approval to discontinue a suit involving title to State lands in forest preserve counties; and CPLR 3217 (subd [a], par 2) requires court approval of a written voluntary stipulation of discontinuance

---

1. CPLR 3217 (subd [a]), which is entitled "Voluntary discontinuance", states, in part: "(a) Without an order. Any party asserting a claim may discontinue it without an order. 1. by serving upon all parties to the action a notice of discontinuance at any time before a responsive pleading is served or within twenty days after service of the pleading asserting the claim, whichever is earlier, and filing the notice with proof of service with the clerk of the court".

where an infant, incompetent person for whom a committee has been appointed, or a conservatee is a party. Court decisions have followed the leading case of *Winans v Winans* (124 NY 140) which established the exception to the statutory right of voluntary discontinuance of matrimonial suits, holding that parties to such litigation are denied the same right of self-control generally permitted in lawsuits (see, also, *Schneider v Schneider,* 32 AD2d 630; *Winston v Winston,* 21 App Div 371; *Matter of Smith v Smith,* 62 Misc 2d 574; *Bishop v Bishop,* 62 Misc 2d 436; *Harley v Harley,* 19 Misc 2d 74). We must note the contrary holding of the Appellate Division, Second Department, in *Kamhi v Kamhi* (42 AD2d 966), in which, as in this case, only service of a summons and notice had been made. The *Kamhi* court upheld the plaintiff's statutory right to timely voluntarily discontinue the action after defendant moved for *pendente lite* relief. Principal to its rationale for permitting voluntary discontinuance was the fact that the defendant wife had available to her proceedings in both Supreme and Family courts. This court has previously upheld the exercise of a trial court's discretion in granting an order for voluntary discontinuance of a wrongful death action to enable the plaintiff to reinstitute the action in Federal Court where larger damage awards had been obtained (*Schimansky v Nelson,* 50 AD2d 634). Central to our decision in *Schimansky,* we found absent a showing that prejudice to the defendants or others would result (citing 7 Carmody-Wait 2d NY Prac, § 47:12). Here, we find that, unlike *Schimansky,* substantial prejudice would result should we now permit voluntary discontinuance, for indeed, as plaintiff concedes with candor, defendant would be subjected to the distribution of those assets accumulated during the marriage under part B of the Equitable Distribution Law. Unilateral discontinuance on notice should be available only at the earliest stages of litigation, in order to avoid prejudicial results (*Irrigation & Ind. Dev. Corp. v Indag S. A.,* 75 Misc 2d 66, 68; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3217:1, p 1005; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3217.01). The purpose of CPLR 3217 (subd [a], par 1) is to prescribe precisely when voluntary discontinuance is permissible. The right to discontinue must strictly be construed against the party asserting it, to avoid prejudice (*Irrigation & Ind. Dev. Corp. v Indag S. A., supra*). The absence of prejudice may not be presumed; it must appear clearly, and substantial justice must be served in permitting a voluntary discontinuance. Certainly, the statutory provision should not be employed as a means of harassment, a device for inequity, or a source of repetitive litigation. That is not its purpose (*Headley v Noto,* 45 Misc 2d 284, affd 24 AD2d 493). It appears that the initial lawsuit was commenced January 3, 1978, and that almost three years elapsed without service of a formal notice of appearance or a complaint during negotiations which included scheduling of defendant's deposition and informal requests for service of the complaint. Instead of the promised complaint, plaintiff's attorneys delivered the notice of voluntary discontinuance on December 17, 1980, and on the very next day served defendant with a new summons, notice and complaint seeking the benefits of the new Equitable Distribution Law. The Court of Appeals stated in *Valladares v Valladares* (55 NY2d 388, 391, *supra*): "On approval of the legislation by the Governor, July 19, 1980, became the watershed; property rights in actions commenced prior to that date are to be resolved in accordance with the law as set out in part A; only actions commenced subsequent to that date are subject to the equitable distribution provisions contained in part B." The Legislature was meticulous in making explicit within its enactment of the 1980 amendment to section 236 of the Domestic Relations Law the signal date of July 19, 1980. It is not the function of the courts to discard clear language adopted by the Legislature by

sanctioning the use of procedural mechanisms which would produce not only the inequitable result violative of legislative intendment, but substantial prejudice as well. Order affirmed, with costs. Sweeney, Kane and Weiss, JJ., concur.

Mahoney, P. J., and Levine, J., dissent and vote to reverse in the following memorandum by Levine, J. Levine, J. (dissenting). Undeniably, neither a complaint nor answer was ever served in this action. Therefore, under the clearly expressed language of CPLR 3217 (subd [a], par 1), plaintiff had the absolute and unconditional right to discontinue her action without seeking judicial permission through a court order, merely through the service of the notice upon defendant. This drastically distinguishes the instant case from *Pollack v Pollack* (56 NY2d 968), *Zuckerman v Zuckerman* (56 NY2d 636), *Valladares v Valladares* (55 NY2d 388) and *Tucker v Tucker* (55 NY2d 378), where the litigation in those pre-July 19, 1980 actions had already progressed to the stage where judicial permission to discontinue had to be sought under CPLR 3217 (subd [b]). Where discontinuance by court order is required and sought, the application is addressed to the sound discretion of the court (4 Weinstein-Korn-Miller, NY Civ Prac, par 3217.06). And irrespective of whether the action is a matrimonial one or not, judicial discretion should not be exercised in favor of discontinuance if substantial rights have accrued or the adversary's rights would be prejudiced thereby (Siegel, New York Practice, § 297, p 353). *Pollack, Zuckerman, Valladares* and *Tucker* represent nothing more than the application of these general principles concerning court approval of voluntary discontinuance to attempts by litigants to circumvent the legislative determination not to make the equitable distribution law applicable to actions pending before its effective date. For the reasons given in those decisions, denial of court approval was perfectly consistent with such general principles. In our view, the majority erroneously extends the holding in these cases to instances where voluntary discontinuance is a matter of right, and not subject to court approval. This is sought to be justified on the basis of the existence of some special rule applicable only to attempts to discontinue matrimonial actions. Demonstrably, however, none of the cases cited by the majority to demonstrate the existence of this special rule involved a discontinuance when a court order was not required or actually sought. Thus, *Winans v Winans* (124 NY 140) states "2. After the making of the motion to vacate the order of reference, the plaintiff moved the court for leave to discontinue the action" (*id.,* at p 143), and further states "[b]ut an application for leave to discontinue is addressed to the legal, not the arbitrary, discretion of the court" (*id.,* at p 145). In *Winston v Winston* (21 App Div 371), the statement of the case recites "[a]fter entering the order of reference, the plaintiff obtained an order to show cause why leave to discontinue should not be granted." *Schneider v Schneider* (32 AD2d 630) expressly involved an appeal from an order "granting plaintiff husband's motion to discontinue the separation action instituted by him". Similarly, in *Harley v Harley* (19 Misc 2d 74), *Bishop v Bishop* (62 Misc 2d 436) and *Matter of Smith v Smith* (62 Misc 2d 574), the decisions expressly recite that they involve applications for court-ordered discontinuance, or the procedural facts indicated that a court order was required. Thus, there is nothing written in *Pollack, Zuckerman, Valladares* and *Tucker*, nor in any earlier precedent, which would prevent a party to a pre-July 19, 1980 matrimonial action from taking advantage of any of the procedural devices available without court order under the CPLR in order to bring a subsequent action under the Equitable Distribution Law. Indeed, if anything, the precedent is to the contrary. Thus, because counterclaims are not compulsory under New York civil procedure, it has been held that a party to a matrimonial action

pending before the effective date of the Equitable Distribution Law is not prevented from commencing a subsequent separate action involving the same issues in order to take advantage of the new law (*Valladares v Valladares*, 80 AD2d 244, 256-259, affd 55 NY2d 388;[2] *Berger v Berger*, 84 AD2d 545). The Equitable Distribution Law was enacted to remedy the harsh inequities of prior law concerning marital property rights. Certainly, then, there is no good reason for this court to bar a spouse from access to the benefits of the new law by denying her procedural remedies to which she is unconditionally entitled under the CPLR. The delay in pleading here which opened to plaintiff the avenue of discontinuance on notice was as much defendant's doing as plaintiff's, and not the result of any devious or unfair conduct which might constitute grounds for any equitable estoppel. For all these reasons, we would reverse Special Term.

2. The affirmance of *Valladares* by the Court of Appeals did not reach this issue (see 55 NY2d 388, 393, n 3).