*410 OPINION OF THE COURT
Jeffrey S. Sunshine, J.
This court is called upon to determine whether or not a waiver of the right to answer, submitted as part of an uncontested divorce packet, constitutes a responsive pleading vitiating the ability of a plaintiff husband to voluntarily discontinue an action without court permission. Plaintiff has moved by notice of motion for permission to voluntarily discontinue his cause of action pursuant to CPLR 3217 (a) (1). Defendant has moved for an order enforcing this court’s pendente lite order of support of October 20, 2004.
Defendant has previously moved pursuant to order to show cause for an order (1) staying the entry of the judgment of divorce in the above-captioned matter, (2) permitting defendant to withdraw her affidavit of consent consenting to the divorce complaint of plaintiff, (3) permitting defendant to interpose an answer and counterclaim in the above-captioned action, and (4) awarding child support to defendant in the sum of $500 per week. The balance of those motions was held in abeyance until the rendering of a decision on the vacatur of the separation agreement. That issue was referred on consent to the Honorable Louise Gans, Judicial Hearing Officer (JHO), which resulted in a memorandum decision of JHO Gans, dated January 14, 2006, wherein it was determined that the separation agreement executed November 24, 2003 by plaintiff and November 27, 2003 by defendant is invalid and should be set aside as “permeated by overreaching, unfairness or unconscionability.”*
In her decision, JHO Gans notes that this is a marriage of 33 years, that there were 11 children born to the marriage, and that defendant was and continues to primarily be a homemaker and plaintiff a certified public accountant. The JHO states “Mrs. [Greisman] was an obvious candidate for lifetime maintenance consistent with the Greisman’s standard of living.” (Citations omitted.) The agreement is absent of any durational maintenance, allows her no health insurance and specifically denies her the right to life insurance proceeds. JHO Gans states:
“There is no equitable distribution,'even though *411 there are valuable assets, such as Mr. Greisman’s accounting practice, the marital home and the interest in 371 Carroll Street, which are susceptible to equitable distribution pursuant to Domestic Relations Law § 236[B], even if not necessarily to equal distribution. Likewise, the Agreement fails to provide expressly for the wife’s right to occupancy of the the [szc] marital residence either before or after her youngest child is emancipated, or for her ownership of all or part of the furniture and furnishings in the marital home.”
JHO Gans further states: “Absent any maintenance, no equitable distribution, no medical insurance, no life insurance benefits or other inheritance rights, and uncertainty as to the nature and extent of Mrs. Greisman’s right to occupancy of the marital residence, the Separation Agreement here is ‘manifestly unfair’ and ‘unconscionable’.”
The parties stipulated that the agreement violated the Child Support Standards Act (Domestic Relations Law § 236 [B] [7]; § 240) and that portion of the agreement was vacated on consent.
Thereafter, defendant was directed to settle an order on notice to effectuate the decision and to provide for prompt resumption of the proceedings before this court. Inasmuch as the determination of JHO Gans was based upon a referral to hear and determine (on consent) the validity of the separation agreement, no order is required to be entered by this court and an order should be presented by defendant to JHO Gans forthwith (see Allison v Allison, 28 AD3d 406 [2d Dept 2006]).
Plaintiff alleges that he has an absolute right to discontinue the action notwithstanding the extensive litigation in this matter in that no answer has ever been provided. Plaintiff pro se moves for the right to voluntarily discontinue this action and states:
“ ‘To Live to Fight Another Day,’ as defined by the Urban Dictionary: To withdraw instead of surrender, and save face by returning stronger than before, with the knowledge of past mistakes behind, and knowing where to attack the enemy. It is better to live and fight another day than to die defending the undefendable.’ ”
The parties herein were married in September of 1971. A Jewish divorce known as a “get” was granted to defendant on January 12, 2004, and plaintiff notes that on or about February *412 3, 2004, “a divorce package was filed in Kings County Supreme Court.”
CPLR 3217 (a) (1) provides:
“(a) Without an order. Any party asserting a claim may discontinue it without an order “1. by serving upon all parties to the action a notice of discontinuance at any time before a responsive pleading is served or within twenty days after service of the pleading asserting the claim, whichever is earlier, and filing the notice with proof of service with the clerk of the court.”
Plaintiff moves pursuant to McMahon v McMahon (279 AD2d 346 [1st Dept 2001]), that prior to the service of the complaint and answer, a party has an absolute and unconditional statutory right to discontinue the action notwithstanding the substantial discovery and even the scheduling of trial dates (see Newman v Newman, 245 AD2d 353 [2d Dept 1997]; Giambrone v Giambrone, 140 AD2d 206 [1st Dept 1988]; Broder v Broder, 59 NY2d 858 [1983]; Battaglia v Battaglia, 59 NY2d 778 [1983]).
Defendant opposes said application to discontinue the action and asserts that this case is distinguishable from those cited by plaintiff in that there was the existence of not only a bare summons herein, but a complaint, an affidavit in support of the uncontested divorce, and a waiver signed by defendant in lieu of an answer. Defendant asserts that she should be entitled to withdraw her waiver and file a verified answer.
According to JHO Gans’ decision, although Mrs. Greisman sought out an attorney and he prepared all of the papers, Mr. Greisman was the plaintiff represented by that attorney and Mrs. Greisman the defendant. An uncontested divorce “packet” was executed and submitted together with the separation agreement. Admitted into evidence at the hearing in the instant matter before the JHO was a summons with notice dated January 25, 2004, and a signed verified complaint for divorce based on the ground of constructive abandonment, both dated January 25, 2004. Also contained in the uncontested divorce packet was an affidavit of plaintiff dated January 25, 2004, swearing to the underlying jurisdictional and factual claims of the action including that there were five minor children of the marriage and that both plaintiff and the children lived at the marital residence together with defendant during the past five years in Brooklyn, New York. The affidavit seeks dissolution of the marriage based upon constructive abandonment stating that, on or about Janu *413 ary 3, 2003, defendant constructively abandoned plaintiff. An affirmation of regularity dated February 2, 2004, indicating that the summons and complaint were personally served upon defendant, was affirmed by the attorney preparing the papers. Additionally contained in the uncontested divorce packet is an affidavit of defendant (acknowledged) dated January 24, 2004, in which defendant admitted to service of the summons and complaint for divorce based upon constructive abandonment, appeared in the action, noted that she did not intend to respond to the summons and complaint, waived any 20- or 30-day period provided by law to answer the summons and consented to the action being placed on the uncontested divorce calendar immediately.
It should be noted that the order to show cause brought by defendant, inter alia, to stay the entry of judgment dated March 26, 2004 was brought less than two months after her waiver was signed. Defendant simultaneously sought permission to withdraw her affidavit consenting to the divorce complaint and the underlying agreement by plaintiff herein. A stay of the signing of the judgment remains in effect.
Defendant has shown that there are special circumstances herein surrounding the waiver and agreement which would warrant a denial of plaintiff’s application to voluntarily withdraw the action. After plaintiff had defendant sign an agreement permeated by overreaching, unfairness or unconscionability, defendant promptly moved for permission to file an answer and was successful in having the agreement vacated (see Zuckerman v Zuckerman, 105 AD2d 782 [2d Dept 1984]; St. James Plaza v Notey, 166 AD2d 439 [2d Dept 1990]; Aison v Hudson Riv. Black Riv. Regulating Dist, 279 AD2d 754 [3d Dept 2001]).
Plaintiff is estopped, based on misconduct, the amount of discovery that ensued, the support arrears and his admission that he intends to relitigate another day, from claiming he has a right to discontinue at this late date voluntarily.
In the seminal decision on voluntary withdrawal Battaglia v Battaglia (59 NY2d 778 [1983]), the Court of Appeals unanimously adopted then Appellate Division, Third Department, Justice Howard Levine’s dissent (see Battaglia v Battaglia, 90 AD2d 930, 933-934 [1982]). In holding that a party has a right to voluntarily discontinue a pre-equitable distribution action, so as to take advantage of the then new Domestic Relations Law § 236 (B) equitable distribution statute, Justice Levine noted: “The delay in pleading here which opened to plaintiff the ave *414 nue of discontinuance on notice was as much defendant’s doing as plaintiffs, and not the result of any devious or unfair conduct which might constitute grounds for any equitable estoppel. For all these reasons, we would reverse Special Term.” (90 AD2d at 934.)
The case at bar is the very example where estoppel should apply. Defendant did nothing more than, without counsel, sign away almost everything to her certified public accountant husband and consent to a divorce and then move promptly to repudiate the agreement and her waiver. Now, after extensive litigation seeking to enforce the agreement, agreeing to a JHO to conduct a hearing on the issue, plaintiff attempts to voluntarily withdraw the action. This court cannot sanction such misconduct.
The prejudice to defendant to have to start anew or defend a new action would be substantial under these circumstances, especially where she has been able to secure at present the scarce legal resource of a legal services organization to represent her and is receiving little, if any, court-ordered support.
As stated by the Second Department in Conklin v Wilbur (26 AD2d 666, 667 [2d Dept 1966]), “[a]n efficient court system should not tolerate the casual prosecution of actions and, hence, we shall not encourage the use of the discontinuance device as an adjunct of delay. (Schultz v. Kobus, 15 A D 2d 382).”
The court is not mandated to allow for the discontinuance of the action. Here, not only was a summons and complaint executed, but in lieu of testimony the affidavit of plaintiff was submitted in support of the uncontested divorce and defendant filed an affidavit waiving the right to answer. Clearly, defendant’s affidavit was predicated on the now-vacated agreement and she must be permitted to withdraw same and file an answer. Given the fact that the agreement upon which defendant’s waiver was predicated was “permeated by overreaching, unfairness and unconscionability,” so too was the waiver by defendant.
In the unique circumstances at bar, defendant’s waiver in the uncontested divorce packet is deemed to be, in effect, the equivalent of a responsive pleading. By promptly moving to vacate that waiver and file an answer to the verified complaint, defendant effectively protected her rights in that the responsive affidavit should be deemed a responsive pleading to the verified complaint (see CPLR 104 [“The civil practice law and rules shall be liberally construed to secure the just, speedy and inex *415 pensive determination of every civil judicial proceeding”]). To allow plaintiff, after years of litigation and evidentiary hearings as well as testimony and a 30-page opinion written by the JHO which vacated the underlying agreement, to now withdraw the action to “fight another day” would be a waste of judicial economy and severely prejudice defendant.
Plaintiff, in effect, concedes he intends to start another action in the future. He cannot be allowed to, as a result of being unsuccessful in having the agreement validated, now claim that he himself never properly served the complaint or that defendant failed to file an answer when she filed a waiver based upon his own misconduct.
Defendant also moves to enforce the pendente lite order of this court dated October 20, 2004, in which plaintiff acknowledged the arrears of $1,600 in weekly support payments due and owing from August 24, 2004 through October 22, 2004, and wherein plaintiff agreed to continue to make weekly support payments of $250 per week to be paid by check on Mondays of each week commencing October 25, 2004, made payable and delivered to defendant.
Plaintiff disputes the amount of monies which he is in arrears. Notwithstanding whether or not the court exercises its discretion and allows the discontinuance of the action, defendant still has the right to move for arrears and enforcement of said pendente lite order by way of judgment (see Fotiadis v Fotiadis, 18 AD3d 699 [2d Dept 2005]; Matter of Dyandria M. v Gerard M., 278 AD2d 37 [1st Dept 2000]).
The matter is referred to JHO Gans to hear and report forthwith on the issue of calculation of arrears pursuant to the pendente lite order, if such hearing is on consent. If not on consent, then that issue shall be referred to hear and report, within 60 days, upon the filing of the requisite forms and the approval of the administrative judge, pursuant to article 22 of the Judiciary Law and 22 NYCRR part 122. The date will be fixed by the Clerk of the JHO Part.
At this juncture, defendant is entitled to seek relief pursuant to this action for the pendente lite sums of monies due and owing which continue to be due and owing until modified by this court. Furthermore, to have to seek, before a different forum, the relief to enforce the pendente lite stipulation or commence a plenary action pursuant to Domestic Relations Law § 240 would cause defendant great hardship.
*416 Plaintiff is to provide to defendant’s counsel an offer of proof as to payments made and receipts or cancelled checks within 14 days of today’s date.
The order effectuating JHO Gans’ determination relating to the agreement is to be submitted on notice to her for signature within 14 days of today’s date.
The application to discontinue the action is denied, and the application to withdraw defendant’s waiver is granted to the extent that defendant shall file an answer in lieu of the waiver within 20 days of today’s date.

 Subsequent to the decision, plaintiff discharged his attorney and now appears pro se. Defendant’s attorney was relieved by the court after defendant defaulted in appearing on the return date of counsel’s order to show cause to be relieved. Subsequently, defendant retained Legal Services for New York City, Brooklyn Branch.